UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT DOYLE,<br><br>                                          *Plaintiff*,<br><br>-against-<br><br>DOUGLAS C. PALMER, in his official capacity as<br>Clerk of the United States District Court<br>for the Eastern District of New York,<br><br>                                          *Defendant* | **COMPLAINT** |

**INTRODUCTION**

1.  This action concerns 28 U.S.C. Section 1654, which states: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein" (the "Admission Statute").

2.  This action challenges the lawfulness, under the United States Constitution, of the Admission Statute insofar as it authorizes each United States District Court to impose requirements for bar admission that differ materially from the requirements for bar admission to other United States District Courts.

3.  This action also concerns Rule 1.3(a) of the Local Rules of the United States District Court for the Eastern District of New York (the "Local Rules"), which states: "[a] verified written petition for [bar] admission . . . shall . . . be accompanied by an affidavit of an attorney of this Court who has known the applicant for at least one year, stating when the affiant was admitted to practice in this Court, how long and under what circumstances the attorney has known the applicant, and what the attorney knows of the applicant's character and experience at the bar."

4. This action challenges the Constitutionality of Local Rule 1.3(a) insofar as it requires an applicant for admission to this Court to provide "an affidavit of an attorney of this Court . . . stating . . . what the attorney knows of the applicant's character (the "Affidavit Requirement").

5. Plaintiff, Robert Doyle ("Doyle"), seeks: (i) a judgment declaring that the Affidavit Requirement is un-Constitutional; and (ii) a writ of mandamus directing Defendant, Douglas C. Palmer, to permit Doyle to submit, for admission to the bar of this Court, a verified written petition ("Petition") that does not comply with the Affidavit Requirement.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. Sections 1331 and 1361.

7. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(e)(1)(B).

## PARTIES

8. Doyle is an individual.

9. Defendant, Douglas C. Palmer, is the Clerk of the United States District Court for the Eastern District of New York.

## FACTS

10. The Admission Statute authorizes each United States District Court to impose requirements for bar admission that differ materially from the requirements for bar admission to other United States District Courts.

11. This Court enacted Local Rule 1.3(a) under the purported authority of the Admission Statute.

12. Not all District Courts impose a requirement that is the same as, or materially like, the Affidavit Requirement.

13. Examples of District Courts that do not impose a requirement that is the same as, or materially like, the Affidavit Requirement are the District of Alaska, Central District of California, Southern District of Illinois, Eastern District of Missouri, District of New Jersey, and Western District of Wisconsin.

14. There is one federal judicial system, of which each United States District Court is an equal component.

15. With respect to the due-process clause of the Fifth Amendment of the Constitution, an applicant for admission to a particular United States District Court (an "Applicant") is similarly situated to applicants for admission to any other United States District Court.

16. The inclusion of the Affidavit Requirement in Local Rule 1.3(a) renders the requirements for admission to the bar of this Court materially different from the requirements for admission to the bars of those United States District Courts that do not impose a requirement that is the same as, or materially like, the Affidavit Requirement.

17. Doyle meets all of the substantive conditions, as set forth in Local Rule 1.3(a), for admission to the bar of this Court.

18. Doyle is ready, willing, and able to comply, and wishes to comply, with each requirement of Local Rule 1.3(a), except the Affidavit Requirement.

19. In order to enable a member of the bar of this Court (a "Sponsor") to complete the affidavit that is the subject of the Affidavit Requirement, Doyle would be required to engage in activities in which he has the right, under the First Amendment of the Constitution, not to engage (the "Necessary Activities").

20. The Necessary Activities include Doyle's disclosure, to a Sponsor, of a sufficient number of Doyle's philosophical, religious, political, social, moral, and ethical beliefs ("Doyle's Personal Beliefs"), if any.

21. The Necessary Activities include Doyle's disclosure, to the Sponsor, of a sufficient number of experiences of Doyle that demonstrate consistency, or inconsistency, with any of Doyle's Personal Beliefs.

22. The Necessary Activities include Doyle's disclosure, to the Sponsor, of Doyle's thoughts about a sufficient number of the Sponsor's philosophical, political, religious, social, moral, and ethical beliefs (the "Sponsor's Personal Beliefs"), if any.

23. The Necessary Activities include Doyle's disclosure, to the Sponsor, of a sufficient number of experiences of Doyle that demonstrate consistency, or inconsistency, with any of the Sponsor's Personal Beliefs.

24. It would be virtually impossible for Doyle to engage in the Necessary Activities to a degree that would avoid the non-negligible risk (the "Risk") that the Sponsor would be untruthful in stating "what the [Sponsor] knows of [] [Doyle]'s character."

25. Doyle believes that taking the Risk would be immoral.

26. Doyle's belief that it would be immoral to take the Risk ("Doyle's Risk-Related Belief") is a belief that Doyle holds sacredly.

27. Doyle's Risk-Related Belief is fundamental to Doyle's self-identity.

26. There is no option for an Applicant to seek further review of any part, or all, of a Sponsor's statement of "what the Sponsor knows of the [A]pplicant's character." Local Rule 1.3(a).

## BASIS OF FIRST CLAIM FOR RELIEF

28. The Admission Statute violates the due-process clause of the Fifth Amendment of the Constitution.

## BASIS OF SECOND CLAIM FOR RELIEF

29. The Affidavit Requirement violates Doyle's rights under the First Amendment of the Constitution.

4

**CLAIMS FOR RELIEF**

Plaintiff is entitled to the following relief:

(a) a judgment declaring, pursuant to 28 U.S.C. Section 2201(a), that the Admission Statute is un-Constitutional;

(b) a judgment declaring, pursuant to 28 U.S.C. Section 2201(a), that the Affidavit Requirement is un-Constitutional; and

(c) a writ of mandamus, pursuant to 28 U.S.C. Section 1361, directing Defendant to accept, from Plaintiff, a petition for admission to the bar of this Court that does not include the affidavit that is required by Rule 1.3(a) of the Local Rules of the United States District Court for the Eastern District of New York.

Dated: August 6, 2018

                                                     Respectfully submitted,

                                                      s/ *Todd C. Bank*
                                                      TODD C. BANK
                                                       ATTORNEY AT LAW, P.C.
                                                      119-40 Union Turnpike
                                                      Fourth Floor
                                                      Kew Gardens, New York 11415
                                                      (718) 520-7125
                                                      By Todd C. Bank

                                                      *Counsel to Plaintiff*