UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT DOYLE,

                              Plaintiff,                              Civil Action No.
                                                                     18-CV-4439

              -against-
                                                                     (Weinstein, J.)
DOUGLAS C. PALMER, in his official capacity as                       (Pollak, M.J.)
Clerk of the United States District Court for the
Eastern District of New York,

                              Defendant.

------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS


                                        RICHARD P. DONOGHUE
                                        UNITED STATES ATTORNEY
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201


MATTHEW J. MODAFFERI
Assistant United States Attorney
(718) 254-6229
Matthew.Modafferi@usdoj.gov

**<u>Table of Contents</u>**

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS .......................................................................................................3

STANDARD OF REVIEW ......................................................................................................4

    A.   Standard of Dismissal for Lack of Subject Matter
        Jurisdiction Under Rule 12(b)(1) ................................................4

    B.   Standard of Dismissal for Failure to State a Claim
        Under Rule 12(b)(6) ...................................................................4

ARGUMENT ...........................................................................................................................5

I.      PLAINTIFF FAILS TO ESTABLISH AN
       APPLICABLE WAIVER OF SOVEREIGN
       IMMUNITY.................................................................................5

    A.   Subject Matter Jurisdiction is Not Conferred by
        the Federal Question Statute......................................................6

    B.   Subject Matter Jurisdiction is Not Conferred by
        the Mandamus Statute ...............................................................8

    C.   Subject Matter Jurisdiction is Not Conferred by
        the Declaratory Judgment Act....................................................9

II.     EVEN IF PLAINTIFF COULD SHOW AN
       APPLICABLE WAIVER OF SOVERIGN
       IMMUNITY, PLAINTIFF FAILS TO STATE A
       CLAIM THAT 28 U.S.C. § 1654 VIOLATES THE
       FIFTH AMENDMENT .............................................................10

    A.   District Courts have Discretion to Prescribe Rules
        Requiring an Applicant to Show his or her Legal
        Experience and Good Moral Character ...................................10

    B.   The Authority Vested to District Courts Pursuant
        to 28 U.S.C. § 1654 to Enact Rules Governing
        Attorney Admissions Does Not Violate the Fifth
        Amendment .............................................................................12

III.   EVEN IF PLAINTIFF COULD SHOW AN
       APPLICABLE WAIVER OF SOVEREIGN
       IMMUNITY, PLAINTIFF FAILS TO PLAUSIBLY
       ALLEGE THAT LOCAL RULE 1.3(a) VIOLATES
       THE FIRST AMENDMENT ............................................................................17

       A.   Local Rule 1.3(a) is Akin to a Licensing Requirement
            that Regulates the Practice of the Eastern District Bar
            and Does Not Violate the First Amendment ................................................17

       B.   Local Rule 1.3(a) Does Not Violate the Freedom of
            Association Because it Does Not Involve Protected
            Expression and Does Not Significantly Affect the
            Ability to Advocate Viewpoints................................................................21

CONCLUSION.............................................................................................................25

## Table of Authorities

Page(s)

Cases

*Adarand Constructors, Inc. v. Pena*,
    515 U.S. 200 (1995) ........................................................................................... 12

*Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*,
    436 F.3d 82 (2d Cir. 2006) ................................................................................... 4

*Anderson v. Bowen*,
    881 F.2d 1 (2d Cir. 1989) ..................................................................................... 8

*Arcara v. Cloud Books, Inc.*,
    478 U.S. 697 (1986) ........................................................................................... 23

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................... 4, 5

*Baird v. State Bar of Arizona*,
    401 U.S. 1 (1971) .......................................................................................... 10, 24

*Bankers Life & Cas. Co. v. Holland*,
    346 U.S. 379 (1953) ............................................................................................. 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 4, 5

*Benzman v. Whitman*,
    523 F.3d 119 (2d Cir. 2008) ................................................................................. 8

*Boy Scouts of America v. Dale*,
    530 U.S. 640 (2000) ............................................................................... 22, 23, 24

*Brown v. McGarr*,
    774 F.2d 777 (7th Cir. 1985) ............................................................................. 16

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ....................................................................................... 11, 14

*City of Dallas v. Stanglin*,
    490 U.S. 19 (1989) ............................................................................................. 22

*Cortlandt St. Recovery Corp. v. Hellas Telecomms.*,
    790 F.3d 411 (2d Cir. 2015) ................................................................................. 4

*Diesel v. Town of Lewisboro*,
    232 F.3d 92 (2d Cir. 2000)..................................................................................... 12

*Doe v. Civiletti*,
    635 F.2d 88 (2d Cir. 1980)...................................................................................... 7

*Dotson v. Griesa*,
    398 F.3d 156 (2d Cir. 2005).................................................................................... 7

*Duke Power Co. v. Carolina Environmental Study Group, Inc.*,
    438 U.S. 59 (1978).............................................................................................. 10

*Ex parte Secombe*,
    60 U.S. 9 (1857)........................................................................................... 11, 14

*FCC v. Beach Commc'ns, Inc.*,
    508 U.S. 307 (1993)...................................................................................... 13, 14

*Frazier v. Heebe*,
    482 U.S. 641 (1987)......................................................................... 2, 11, 14, 18

*Giannini v. Real*,
    911 F.2d 354 (9th Cir. 1990) ............................................................................. 13

*Goldfarb v. Va. State Bar*,
    421 U.S. 773 (1975)........................................................................................... 18

*Gonzales v. United States Dist. Court*,
    09-cv-541, 2009 U.S. Dist. LEXIS 82237 (W.D. Mich., Aug. 18, 2009),
    *adopted by* 2009 U.S. Dist. LEXIS 82249 (W.D. Mich., Sept. 10, 2009)................................. 6

*Guralnick v. Supreme Court of New Jersey*,
    747 F. Supp. 1109 (D.N.J. 1990) ...................................................................... 13

*Heckler v. Ringer*,
    466 U.S. 602 (1984)........................................................................................ 8, 9

*In re Application of Wasserman*,
    240 F.2d 213 (9th Cir. 1956) ...................................................................... 12, 16

*In re Dow Corning Corp.*,
    261 F.3d 280 (2d Cir. 2001)................................................................................. 8

*In re F.C.C.*,
    217 F.3d 125 (2d Cir. 2000)................................................................................. 8

*In re G.L.S.*,
745 F.2d 856 (1984)........................................................................................... 11, 15

*In re Kandekore*,
460 F.3d 276 (2d Cir. 2006)............................................................................... 14, 18

*In re Roberts*,
682 F.2d 105 (3rd Cir. 1982) .......................................................... 13, 14, 15-16, 16

*In re Sutter*,
543 F.2d 1030 (2d Cir. 1976).................................................................................. 18

*Iqbal v. Hasty*,
490 F.3d 143 (2d Cir. 2007)..................................................................................... 5

*Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third & Fourth Dep'ts*,
852 F.3d 178 (2d Cir. 2017)................................................................................... 20

*Kerr v. United States Dist. Court*,
426 U.S. 394 (1976)........................................................................................... 8, 9

*Kielczynski v. U.S. C.I.A.*,
128 F. Supp. 2d 151 (E.D.N.Y. 2001) .................................................................. 10

*Kimbrough v. Holiday Inn*,
478 F. Supp. 566 (E.D. Pa. 1979) ........................................................................ 16

*Lane v. Pena*,
518 U.S. 187 (1996)................................................................................................. 6

*Leis v. Flynt*,
439 U.S. 438 (1978)............................................................................................... 13

*Lowe v. SEC*,
472 U.S. 181 (1985)............................................................................................... 19

*Lunney v. United States*,
319 F.3d 550 (2d Cir. 2003)..................................................................................... 7

*Lupert v. California State Bar*,
761 F.2d 1325 (9th Cir. 1985) .............................................................................. 13

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000)................................................................................ 4, 6

*Maynard v. United States Dist. Court*,
701 F. Supp. 738 (C.D. Cal. 1988)
*aff'd without opinion by* 1990 U.S. App. LEXIS 17600 (9th Cir. Oct. 3, 1990) ................ 13, 17

*Munaco v. United States*,
522 F.3d 651 (6th Cir. 2008) ......................................................................................... 7

*NAAMJP v. Castille*,
799 F.3d 216 (3rd Cir. 2015) .................................................................................. 20, 24

*NAAMJP v. Howell*,
851 F.3d 12 (D.C. Cir. 2017) .................................................................................. 18, 19

*NAAMJP v. Lynch*,
826 F.3d 191 (4th Cir. 2016) ............................................................................ 13, 14, 20

*NAAMJP v. Simandle*,
658 Fed. Appx. 127 (3d Cir. 2016) ............................................................................. 20

*Ohralik v. Ohio State Bar Ass'n*,
436 U.S. 447 (1978) .................................................................................................... 18

*Randall v. Brigham*,
74 U.S. 523 (1869) ................................................................................................ 11, 14

*Roberts v. United States Jaycees*,
468 U.S. 609 (1984) ............................................................................................. 21, 22

*Rostker v. Goldberg*,
453 U.S. 57 (1981) ...................................................................................................... 13

*Russell v. Hug*,
275 F.3d 812 (9th Cir. 2002) ..................................................................................... 19

*Sanders v. Russell*,
401 F.2d 241 (5th Cir. 1968) ..................................................................................... 11

*Schilling v. Rogers*,
363 U.S. 666 (1960) ..................................................................................................... 9

*Schware v. Bd. of Bar Exam'rs*,
353 U.S. 232 (1957) .................................................................................................... 19

*Smith v. Krieger*,
389 Fed. Appx. 789 (10th Cir. Jul. 27, 2010) ....................................................... 5, 6

*Smith v. Lehman*,
   533 F. Supp. 1015 (E.D.N.Y. 1982) ...................................................................... 10

*Theard v. United States*,
   354 U.S. 278 (1957) ........................................................................................... 10

*Toledo v. Jackson,*
   485 F.3d 836 (6th Cir. 2007) ............................................................................... 7

*Up State Federal Credit Union v. Walker*,
   198 F.3d 372 (2d Cir. 1999) ................................................................................ 7

*United States v. Hvass*,
   355 U.S. 570 (1958) ........................................................................................ 2, 3

*United States v. Mitchell*,
   445 U.S. 535 (1980) ............................................................................................ 5

*U.S. v. Nat'l Dairy Prods. Corp.*,
   372 U.S. 29 (1963) ............................................................................................ 13

*United States v. Park Place Associates*, Ltd.,
   563 F.3d 907 (9th Cir. 2009) ............................................................................... 6

*United States v. Sherwood*,
   312 U.S. 584 (1941) ......................................................................................... 5-6

*United States v. Testan*,
   424 U.S. 392 (1976) ............................................................................................ 5

*Weinberger v. Wiesenfeld*,
   420 U.S. 636 (1975) .......................................................................................... 12

*Whitfield v. Scully*,
   241 F.3d 264 (2d Cir. 2001) ............................................................................... 18

*Wynder v. McMahon*,
   360 F.2d 73 (2d Cir. 2004) ................................................................................ 12

Statutes

5 U.S.C. § 551(1)(B) .................................................................................................... 7

5 U.S.C. § 701 ............................................................................................................. 7

5 U.S.C. § 701(b)(1)(B) ............................................................................................... 7

28 U.S.C. § 702 ........................................................................................................... 7

28 U.S.C. § 1654 ............................................................................................ 1, 2, 11, 14

28 U.S.C. § 2071 ............................................................................................ 1, 2, 11, 14

Rules

Fed. R. Civ. P. 8(a)(2) .................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 4

Fed. R. Civ. P. 83 ............................................................................................ 1, 12, 16

Local Rule 1.3(a) ....................................................................................... 1, 14, 15, 17, 24

## PRELIMINARY STATEMENT

Defendant Douglas Palmer, sued in his official capacity as Clerk of Court for the United States District Court for the Eastern District of New York, by his attorney, RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, MATTHEW J. MODAFFERI, Assistant United States Attorney, of counsel, respectfully submits this memorandum of law in support of his motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff Robert Doyle brings this action against the Clerk of Court seeking a declaration that 28 U.S.C. § 1654 and Local Rule 1.3(a) of the Eastern and Southern Districts of New York are unconstitutional, and issuance of a writ of mandamus to allow Plaintiff to apply for admission to the bar of the Eastern District of New York without having to comply with Local Rule 1.3(a)'s sponsor affidavit requirement. *See generally* Complaint, Dkt. Entry No. 1 (hereinafter "Compl.").

Title 28 U.S.C. §§ 1654 and 2071, and Rule 83 of the Federal Rules of Civil Procedure each provides the courts of the United States with the express authority to adopt rules to manage and conduct causes brought before them. *See* 28 U.S.C. §§ 1654, 2071; Fed. R. Civ. P. 83.[1] Local Rule 1.3(a) requires, *inter alia*, that an applicant to the Eastern District bar submit an affidavit of an attorney stating "what the attorney knows of the applicant's character and experience at the bar." *See* Local Rule 1.3(a). The Supreme Court has "recognize[ed] that a district court has discretion to adopt local rules that are necessary to carry out the conduct of its

---

[1] 28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein," 28 U.S.C. § 2071 provides: "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business," and Fed. R. Civ. P. 83 provides: "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules … ."

business [and] [t]his authority includes the regulation of admissions to its own bar." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (citing to 28 U.S.C. §§ 1654, 2071 and Fed. R. Civ. P. 83); *see also United States v. Hvass*, 355 U.S. 570, 575-76 (1958) ("These statutes [28 U.S.C. §§ 1654 and 2071] and Rule 83 leave no room to doubt that the District Court was lawfully authorized to prescribe its local rules and that they have a clear legislative base.").

Plaintiff challenges the foundation of the district court's authority to set standards necessary to carry out the conduct of its business, including standards of conduct of those who appear before it. Plaintiff particularizes his challenge with respect to section 1654, but it is upon firm ground that courts are permitted to issue their own local rules. Indeed, it begs the question as to whether Plaintiff's challenge to section 1654 can be redressed in this action because apart from section 1654, Rule 83 and section 2071 also provide district courts with such authority.

Plaintiff failed to establish an applicable waiver of sovereign immunity and therefore the Court lacks subject matter jurisdiction over his claims. Even assuming the Court has jurisdiction, Plaintiff's argument that section 1654 violates the Fifth Amendment fails to state a claim upon which relief may be granted because the right to practice law is not a property right protected by the Due Process Clause. Moreover, Plaintiff's constitutional challenge fails because the rule governing attorney admission in the Eastern District is rationally related to the applicant's fitness to practice law. Plaintiff's claim that Local Rule 1.3(a) of the Eastern and Southern Districts of New York violates the First Amendment similarly lacks merit. Local Rule 1.3(a)'s sponsor affidavit prerequisite is a content-neutral licensing requirement that is rationally related to the applicant's fitness and capacity to practice because it seeks to ensure that the applicant is qualified by his or her experience and that he or she possesses good moral character.

It does not discriminate on the basis of the subject matter or viewpoint of any bar applicant's speech, nor does it impinge upon expressive activities.

Accordingly, Defendant respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss all claims in this action for a lack of subject matter jurisdiction and because Plaintiff failed to state a claim that (1) 28 U.S.C. § 1654 violates the Due Process Clause of the Fifth Amendment and (2) Local Rule 1.3(a) violates the First Amendment.

## STATEMENT OF FACTS

Plaintiff Robert Doyle alleges that he meets all of the substantive conditions set forth in Local Rule 1.3(a) for admission to the bar of the Eastern District of New York.  *See* Compl. at ¶¶ 8, 17.  Although there are no allegations in the complaint specifying whether Plaintiff is an active member of the New York State Bar, a search of the New York State Unified Court System website states that Plaintiff was admitted to the New York State Bar on October 25, 2006.  *See* https://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=U3arLpVe09SAKtwObXhL%2FQ%3D%3D.  According to the New York State Courts website, Plaintiff lists his address as the same address as that of his attorney, Law Office of Todd Bank, 119-40 Union Turnpike, 4th Floor, Kew Garden, NY 11415-1161.  *Id.*

Plaintiff claims that he is ready, willing, and able to comply, and wishes to comply, with each requirement of Local Rule 1.3(a) except the requirement that a sponsor submit an affidavit concerning knowledge of the applicant's character and experience at the bar.  *See* Compl. at ¶¶ 3, 18.  Plaintiff alleges that the sponsor affidavit rule requires him to have interactions, conversations, and engage in activities with a sponsor, all of which he has the right not to engage in under the First Amendment.  *Id.* at ¶¶ 19-23.  Plaintiff also alleges that 28 U.S.C. § 1654 violates the due process clause of the Fifth Amendment because it imposes requirements for bar

admission that differ materially from the requirements for bar admission to other United States District Courts.  *Id.* at ¶¶ 2, 10, 12, 15.

## STANDARD OF REVIEW

### A.  Standard of Dismissal for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it,' such as when … the plaintiff lacks constitutional standing to bring the action."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (citations omitted); *see also Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006) ("[T]he proper procedural route [for standing challenges at the pleadings stage] is a motion under Rule 12(b)(1).").  "In deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint."  *Cortlandt St. Recovery Corp.*, 790 F.3d at 417 (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### B.  Standard of Dismissal for Failure to State a Claim Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint need not contain "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO ESTABLISH AN APPLICABLE WAIVER OF SOVEREIGN IMMUNITY

Plaintiff attempts to sue the Clerk of this Court in his official capacity. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (internal quotation marks and citation omitted). Because the Judiciary is a branch of the United States government, the Supreme Court and its Justices enjoy sovereign immunity from litigation except where the United States has consented to be sued, and this immunity extends to the Judiciary's employees. *See Smith v. Krieger*, 389 Fed. Appx. 789, 795 (10th Cir. Jul. 27, 2010) ("The judiciary, which necessarily includes the Federal Defendants ..., forms one branch of the United States government, *see generally* U.S. Const. art. III, and therefore is protected by the sovereign immunity accorded the United States. Congress may waive the United States' sovereign immunity, but waiver must be express, *United States v. Mitchell*, 445 U.S. 535, 538 (1980)."). *See also United States v. Sherwood*, 312 U.S.

584, 586 (1941).  The burden is on Plaintiff to identify an applicable waiver of sovereign immunity.  *Smith*, 389 Fed. Appx. at 795.  Thus, absent an express waiver, sovereign immunity shields the District Court and the Clerk of Court from suit.  *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see also Gonzales v. United States Dist. Court*, 09-cv-541, 2009 U.S. Dist. LEXIS 82237, at *5-6 (W.D. Mich., Aug. 18, 2009) (dismissing for lack of express waiver of sovereign immunity to bring suit against "[t]he United States District Court for the Eastern District of Michigan [,…] a federal district court created by act of Congress (28 U.S.C. § 102(a)) [and …] part of the federal judiciary, a co-equal branch of the United States government. U.S. CONST. art. III."), *adopted by* 2009 U.S. Dist. LEXIS 82249 (W.D. Mich., Sept. 10, 2009).

The doctrine of sovereign immunity is "jurisdictional in nature, and ... plaintiff bears the burden of establishing that his claims fall within an applicable waiver."  *Makarova*, 201 F.3d at 113.  A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied."  *Lane*, 518 U.S. at 192 (citations omitted).

Here, the jurisdictional predicates identified in the complaint are federal question jurisdiction, 28 U.S.C. § 1331, the federal mandamus statute, 28 U.S.C. § 1361, and the declaratory judgment act, 28 U.S.C. § 2201.  *See* Compl. at ¶ 6, and pg. 5.  Plaintiff has not met his burden of proving that these provisions constitute an appropriate jurisdictional predicate for this action.

## A.  Subject Matter Jurisdiction is Not Conferred by the Federal Question Statute

"Although the concepts are related, sovereign immunity and subject matter jurisdiction present distinct issues."  *United States v. Park Place Associates*, Ltd., 563 F.3d 907, 923 (9th Cir. 2009).  It is well-established that jurisdictional statutes, such as 28 U.S.C. § 1331, which gives federal district courts jurisdiction over civil actions arising under the Constitution and laws of the

United States, are not general waivers of sovereign immunity. *See Up State Federal Credit Union v. Walker*, 198 F.3d 372, 375 n.4 (2d Cir. 1999) ("A showing of federal question jurisdiction ... does not relieve the [plaintiff] of its burden to establish a waiver of sovereign immunity."); *see also Munaco v. United States*, 522 F.3d 651, 653 n.3 (6th Cir. 2008); *Toledo v. Jackson,* 485 F.3d 836 (6th Cir. 2007). "Section 1331 is in no way a waiver of sovereign immunity. Such a waiver, if it exists at all, must be sought in the statute giving rise to the cause of action." *Doe v. Civiletti*, 635 F.2d 88, 94 (2d Cir. 1980) (observing that a cause of action under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA") may provide a limited waiver of sovereign immunity in § 1331 cases).

While plaintiff has not invoked the APA and its concomitant waiver of sovereign immunity, it is worth noting that the APA would be inapplicable here. The APA waives the sovereign immunity of the United States so as to permit injunctive relief directed at "agency action" in specified circumstances. *See* 5 U.S.C. §§ 701, 702; *Lunney v. United States*, 319 F.3d 550, 554 & 558 (2d Cir. 2003). Importantly, the APA expressly excludes from the definition of "agency" all of "the courts of the United States." *See* 5 U.S.C. § 701(b)(1)(B); *see also* 5 U.S.C. § 551(1)(B); *Dotson v. Griesa*, 398 F.3d 156, 177 n. 15 (2d Cir. 2005). Because the Clerk of the United States District Court for the Eastern District of New York does not constitute an agency covered by the APA, plaintiff would not have been able to cast his challenge as an APA claim.

In sum, the federal question statute does not waive the government's sovereign immunity for Plaintiff's claim for declaratory relief against the Clerk of Court, and plaintiff has failed to identify an applicable waiver of sovereign immunity so as to establish subject matter jurisdiction. *Lunney*, 319 F.3d at 554 (plaintiff cannot meet burden of showing subject matter jurisdiction absent a waiver of sovereign immunity).

**B.  Subject Matter Jurisdiction is Not Conferred by the Mandamus Statute**

The mandamus statute does not confer subject matter jurisdiction for this action because the relief sought by plaintiff is not susceptible to a mandamus remedy.  Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus is an extraordinary remedy "rarely granted" in the Second Circuit.  *In re Dow Corning Corp.*, 261 F.3d 280, 285 (2d Cir. 2001) (citation omitted).

It is the moving party's burden to establish "that its right to issuance of the writ is clear and indisputable." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953) (internal quotation marks and citations omitted); *accord In re F.C.C.*, 217 F.3d 125, 134 (2d Cir. 2000) (a writ of mandamus will be granted "only where the petitioner's right to relief is clear and indisputable").  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (citing *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03 (1976)).  *See also Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (a writ of mandamus may not be granted pursuant to § 1361 unless there is "a plainly defined and peremptory duty on the part of the defendant to do the act in question.") (citations omitted).

To obtain relief under this provision, a plaintiff must show that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 132-33 (2d Cir. 2008) (citing *Anderson v. Bowen*, 881 F.2d at 5).  Even where the

8

prerequisites of mandamus jurisdiction are met, and a plainly defined nondiscretionary duty exists, the issuance of a writ of mandamus is within the sound discretion of the district court. *Kerr*, 426 U.S. at 403.  In the instant action, Plaintiff cannot satisfy any of the requirements for mandamus relief.

Plaintiff cannot show that he has a clear right to the relief sought.  The Clerk of Court cannot accept a bar application that does not meet the criteria set forth in the rules promulgated and adopted by the Board of Judges of the Eastern and Southern Districts of New York, and approved by the Judicial Council of the Second Circuit.  *See* Local Rules of the United States District Courts for the Southern and Eastern District of New York, at pg. 1.  Further, plaintiff cannot show that the Clerk of Court owed him a plainly-defined and peremptory duty.  The decision to admit or deny an applicant admission to the bar is discretionary and not susceptible to mandamus relief.  *See Heckler v. Ringer*, 466 U.S. at 616 ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear *nondiscretionary* duty.") (emphasis added).  Finally, to the extent Plaintiff seeks to practice law in the Eastern and Southern Districts of New York, an adequate remedy is available to him because he can still practice through *pro hac vice* admission, should he choose not to comply with Local Rule 1.3(a).

In sum, plaintiff has failed to meet his burden of proving that the mandamus statute provides subject matter jurisdiction for this action.

### C.  Subject Matter Jurisdiction is Not Conferred by the Declaratory Judgment Act

Like the mandamus statute, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, does not confer jurisdiction because it is not a waiver of sovereign immunity.  *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("Declaratory Judgments Act is not an independent source of

federal jurisdiction."); *Kielczynski v. U.S. C.I.A.*, 128 F. Supp. 2d 151, 155 (E.D.N.Y. 2001). The Act is merely a procedure through which additional remedies may be provided by a court of competent jurisdiction. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 71 n. 15 (1978) ("the Declaratory Judgment Act does not expand our jurisdiction, it expands the scope of available remedies"); *Smith v. Lehman*, 533 F. Supp. 1015, 1018 (E.D.N.Y. 1982) ("The Declaratory Judgment Act ... [does] not confer jurisdiction but merely provide[s] additional remedies where jurisdiction already exists") (citations omitted). Accordingly, because this Court lacks jurisdiction to consider the claims that are the subject of this motion, declaratory relief is not a viable remedy available to plaintiff, and, thus, to the extent plaintiff has asserted a cause of action for declaratory relief, that claim must be dismissed.

## POINT II

### EVEN IF PLAINTIFF COULD SHOW AN APPLICABLE WAIVER OF SOVEREIGN IMMUNITY, PLAINTIFF FAILS TO STATE A CLAIM THAT 28 U.S.C. § 1654 VIOLATES THE FIFTH AMENDMENT

#### A. District Courts have Discretion to Prescribe Rules Requiring an Applicant to Show his or her Legal Experience and Good Moral Character

"Membership in the bar is a privilege burdened with conditions." *Theard v. United States*, 354 U.S. 278, 281 (1957) (citation omitted). "The practice of law is not a matter of grace, but of right for one who is qualified by his learning and his moral character." *Baird v. State Bar of Arizona*, 401 U.S. 1, 8 (1971) (citations omitted). The courts' authority and responsibility for insuring the quality of attorney advocacy has long been recognized by the Supreme Court:

> The authority of the court over its attorneys and counselors is of the highest importance. They constitute a profession essential to society. Their aid is required not merely to represent suitors before the courts, but in the more difficult transactions in private life. The highest interests are placed in their hands and confided to their management. The confidence which they receive and the responsibilities which they are obliged to assume demand not only ability of a high order, but the strictest integrity. The authority

> which the courts hold over them, and the qualifications required
> for their admission are intended to secure those qualities.

*Randall v. Brigham*, 74 U.S. 523, 540 (1869); *see also Ex parte Secombe*, 60 U.S. 9, 13 (1857)

("it rests exclusively with the court to determine who is qualified to become one of its officers, as

an attorney and counsellor … [and] it is the duty of the court to exercise and regulate it by a

sound and just judicial discretion, whereby the rights and independence of the bar may be as

scrupulously guarded and maintained by the court, as the rights and dignity of the court itself.).

　　To ensure the quality of advocacy and good moral character of its members of the bar,

district courts possess express statutory authority and inherent authority to govern the admission

of attorneys who seek to practice before them. *See e.g., Frazier*, 482 U.S. at 645; 28 U.S.C. §§

1654, 2071; *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (the scope of the court's

inherent power includes "the power to control admission to its bar and to discipline attorneys

who appear before it").  The authority to adopt rules relating to admission to practice before the

federal courts was delegated by Congress to the federal courts in Section 35 of the Judiciary Act

of 1789, Act of September 25, 1789, Ch.20, 1 Stat. 73, 92 now codified as 28 U.S.C. § 1654.  28

U.S.C. § 1654 provides:  "In all courts of the United States the parties may plead and conduct

their own cases personally or by counsel as, *by the rules of such courts, respectively*, are

permitted to manage and conduct causes therein." (Emphasis added).  "The district courts have

broad discretion in prescribing requirements for admission to practice before them … [and]

ha[ve] a valid interest in regulating the qualifications and conduct of counsel … ." *Sanders v.*

*Russell*, 401 F.2d 241, 245 (5th Cir. 1968).

　　"The United States District Court[s] ha[ve] the authority to deny an attorney's application

for admission to its bar when it is not satisfied that he possesses good private and professional

character."  *In re G.L.S.*, 745 F.2d 856, 859 (1984); *see also In re Application of Wasserman*,

240 F.2d 213, 215 (9th Cir. 1956) (stating with approval that some United States District Courts "require independent examinations into character and fitness as well as oral examinations into the candidates' knowledge of the federal statutes and rules among the tests for admission."). Against this backdrop, it is clear that the Eastern and Southern Districts of New York have the express authority and broad discretion to require attorneys seeking admission to its bar to set forth his or her qualifications, experience, and good moral character.

**B. The Authority Vested to District Courts Pursuant to 28 U.S.C. § 1654 to Enact Rules Governing Attorney Admissions Does Not Violate the Fifth Amendment**

Plaintiff expressly sets forth a Fifth Amendment Due Process claim with respect to 28 U.S.C. § 1654; further, he hints at an equal protection challenge to the statute. *See* Compl. at ¶¶ 10, 15 (The Admission Statute authorizes each … District Court to impose requirements that differ materially from others and an applicant for admission to a District Court is similarly situated to applicants for any other District Court); *see also Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike"). Plaintiff is represented by counsel and not entitled to a broad construction of his pleading. *See Wynder v. McMahon*, 360 F.2d 73, 75 (2d Cir. 2004) ("the special solitude offered to pro se litigants in the construction of complaints did not extend to counseled plaintiffs"). Even so, it is worth noting that, although the Fifth Amendment contains no equal protection clause, the Due Process Clause forbids discrimination in a manner similar to the fourteenth amendment, and the analysis of equal protection claims is often the same under both. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 224 (1995) (noting that equal protection analysis is the same under the Fifth Amendment as it is under the Fourteenth Amendment); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) (same).

As a starting point, any analysis of the constitutionality of a statute must begin with the presumption that the statute is constitutionally valid. *U.S. v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963). This presumption is strongest when Congress determines that it has the power to enact the statute. *See, e.g., Rostker v. Goldberg*, 453 U.S. 57, 64 (1981).

With respect to Plaintiff's Due Process challenge, 28 U.S.C. § 1654 does not infringe a fundamental right or disadvantage a suspect class. Indeed, "courts have held that the right to practice law is not a property right protected by the Due Process Clause." *Maynard v. United States Dist. Court*, 701 F. Supp. 738, 743 (C.D. Cal. 1988) (citing *In re Roberts*, 682 F.2d 105, 107 (3rd Cir. 1982) and *Leis v. Flynt*, 439 U.S. 438, 443 (1978)), *aff'd without opinion by* 1990 U.S. App. LEXIS 17600 (9th Cir. Oct. 3, 1990); *see also Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990) ("There is no fundamental right to practice law … ."). Moreover, "[a]ttorneys do not constitute a suspect class." *Giannini*, 911 F.2d at 358 (citing *Lupert v. California State Bar*, 761 F.2d 1325, 1327 n.2 (9th Cir. 1985); *see also Guralnick v. Supreme Court of New Jersey*, 747 F. Supp. 1109, 1114 (D.N.J. 1990) (attorneys are not a "suspect class"). Thus, Plaintiff's claim that section 1654 violates the Due Process Clause of the Fifth Amendment must be dismissed.

Even if Plaintiff had expressly alleged any equal protection challenge to section 1654, such challenge would fail. "In evaluating an equal protection challenge to a rule, courts must first determine the standard of review to apply." *Nat'l Ass'n for the Advancement of Multijurisdiction Practice ("NAAMJP") v. Lynch*, 826 F.3d 191, 196 (4th Cir. 2016). If the rule neither infringes a fundamental right nor disadvantages a suspect class, courts apply rational basis review. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). "Under rational basis review, the challenged rule 'comes ... bearing a strong presumption of validity, and those attacking the rationality of the [rule] have the burden to negative every conceivable basis which

13

might support it.'" *Lynch*, 826 F.3d at 196 (citing *Beach Commc'ns, Inc.*, 508 U.S. at 314-15). "In other words, '[w]here there are 'plausible reasons' for [the rule], '[the] inquiry is at an end.'" *Lynch*, 826 F.3d at 196 (citing *Beach Commc'ns, Inc.*, 508 U.S. at 313-14).

Since no impairment of a fundamental right or classification based on a suspect criterion is involved, rational basis review applies and 28 U.S.C. § 1654 clearly passes constitutional muster. It is beyond question that district courts possess express statutory authority and inherent authority to govern the admission of attorneys who seek to practice before them. *See e.g., Frazier*, 482 U.S. at 645; *Chambers*, 501 U.S. at 43; 28 U.S.C. §§ 1654, 2071. The requirement that an applicant provide a sponsor affidavit harkens back to courts' authority and responsibility for ensuring the quality of attorney advocacy and good moral character. *See, e.g., Ex parte Secombe*, 60 U.S. at 13; *Randall*, 74 U.S. at 540. "[A]ny requirement for admission will be upheld that is rationally related to the applicant's fitness to practice law in the court where he seeks admission." *In re Roberts*, 682 F.2d at 108 (citations omitted).

Here, the sponsor affidavit seeks "what the [sponsor] attorney knows of the applicant's character and experience at the bar." Local Rule 1.3(a). Clearly, the sponsor affidavit setting forth the applicant's experience and character is rationally related to practicing law in the Eastern District of New York. *See In re Kandekore*, 460 F.3d 276, 280 (2d Cir. 2006) (presuming that the initial admission criteria set forth in Local Rule 1.3(a) are "intended to assure moral qualifications, competency, and learning in law"); *see also Lynch*, 826 F.3d at 194 n. 3 (referring to good character and having familiarity with relevant local and federal rules as "standard requirements").

The Fourth Circuit's decision in *In re G.L.S.* is instructive. There, a Local Rule of the United States District Court for the District of Maryland required an applicant to be "sponsored

14

by a member of the Bar of this court and shall satisfy the court that he or she is a member in

good standing of the Bar of any court of the United States, or the highest court of any state, and

that his or her private and professional character is good." *In re G.L.S.*, 745 F.2d at 858.  The

Fourth Circuit held:

> The United States District Court has the authority to deny an attorney's
> application for admission to its bar when it is not satisfied that he possesses good
> private and professional character. 28 U.S.C. § 1654, 28 U.S.C. 2071 and Fed. R.
> Civ. P. 83 authorize the adoption of rules for conducting court business and this
> includes reasonable standards for admission to practice for the court. Local Rule 2
> of the United States District Court for the District of Maryland is in keeping with
> such authority.

*Id.* at 859.  Similarly, here, the Eastern District of New York requires a sponsor to submit an

affidavit that the applicant is qualified by his experience and possesses good moral character.

*See* Local Rule 1.3(a).  Section 1654 provides authority for the court to impose the sponsor

affidavit requirement and this requirement is rationally related to practicing law in the Eastern

District of New York.

Plaintiff's Complaint is short on allegations that could possibly state a claim upon which

relief can be granted:  Section 1654 authorizes each District Court to impose requirements for

bar admission that differ materially from requirements of other District Courts; Local Rule 1.3(a)

renders the Eastern District of New York's requirements for admission materially different from

requirements of other District Courts; and an applicant for admission to a District Court is

similarly situated to applicants of any other District Court.  *See* Compl. at ¶¶ 10-16.  The fact that

the Eastern District of New York and some, but not all, other districts have implemented a

sponsor affidavit requirement for admission to their respective bars does not amount to an equal

protection violation.   Indeed, a federal court's "rulemaking power may be exercised

independently and separately from admission rules in other federal courts." *In re Roberts*, 682

F.2d at 109; *In re Application of Wasserman*, 240 F.2d 213, 214 (9th Cir. 1956).  Plaintiff's position that Local Rule 1.3(a) treats applicants in this district differently from those in other districts ignores the implicit authorization in 28 U.S.C. § 1654, 28 U.S.C. § 2071 and Fed. R. Civ. P. 83 for district courts to make local rules which are, as their express "local" characterization indicates, tailored to a particular district, thus assuming they will differ from other districts.

In addition, federal district courts may set standards that are higher than the admission standards set forth by other federal district or state courts.  *See Brown v. McGarr*, 774 F.2d 777, 779, 784 (7th Cir. 1985) (Northern District of Illinois rule establishing a "trial bar" was a valid exercise of the district court's authority under 28 U.S.C. §§ 1654, 2071 and Rule 83, Federal Rules of Civil Procedure); *In re Application of Wasserman*, 240 F.2d at 215 ("On account of pragmatic difficulties, the separate United States District Courts do not recognize a comity … with each other [as] [e]ach is a separate tribunal and governed by its own rules. … [Some] courts themselves require independent examinations into character and fitness as well as oral examinations into the candidates' knowledge of the federal statutes and rules among the tests for admission"); *Kimbrough v. Holiday Inn*, 478 F. Supp. 566, 574 n. 19, 575 (E.D. Pa. 1979) (local rule requiring a compulsory arbitration pilot program did not violate equal protection under due process of the Fifth Amendment).

The standard is not whether all federal district courts have the same requirements for admission to practice before them, but rather whether their rules are "consistent with Acts of Congress," (28 U.S.C. § 2071), and not inconsistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83; *see In re Roberts*, 682 F.2d at 109 ("district court's admission criteria differing from those for admission to the United States Supreme Court, therefore, are neither

inconsistent with nor violative of 28 U.S.C. § 2071 or Fed. R. Civ. P. 83").  Plaintiff has set forth

no allegations concerning how section 1654 is inconsistent with, nor in violation of 28 U.S.C. §

2071 or Fed. R. Civ. P. 83.  *See generally* Compl.  To the extent Plaintiff seeks to reform the

rules for admission to federal district courts so that they are uniform across the United States,

this is not the appropriate forum.  *See Maynard*, 701 F. Supp. at 743 ("the appropriate forum to

address such uniform admissions standards must be either Congress, the United States Supreme

Court, or the District Courts themselves through the United States Judicial Conference."), *aff'd*

*without opinion by* 1990 U.S. App. LEXIS 17600 (9th Cir. Oct. 3, 1990).

Accordingly, 28 U.S.C. § 1654 does not violate the Fifth Amendment.  Indeed, the

Eastern District of New York's authority under section 1654 to require a sponsor affidavit for

admission to its bar, while it may differ from admission criterion promulgated by other district

courts, is rationally related to fitness to practice law in the Eastern District and is neither

inconsistent with, nor in violation of 28 U.S.C. § 2071 or Rule 83 of the Federal Rules of Civil

Procedure.

## POINT III

### EVEN IF PLAINTIFF COULD SHOW AN APPLICABLE WAIVER OF SOVEREIGN IMMUNITY, PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT LOCAL RULE 1.3(a) VIOLATES HIS RIGHTS UNDER THE FIRST AMENDMENT

#### A. Local Rule 1.3(a) is a Licensing Requirement that Regulates the Practice of the Eastern District Bar and Does Not Violate the First Amendment

To petition for admission to the bar of the Eastern District of New York, an applicant is

required to submit "an affidavit of an attorney of this Court who has known the applicant for at

least one year, stating when the affiant was admitted to practice in this Court, how long and

under what circumstances the attorney has known the applicant, and what the attorney knows of

the applicant's character and experience at the bar."  Local Rule 1.3(a).  "To begin with, district

courts have authority to enact Local Rules governing the conduct of the business before them, and such Local Rules have the force of law." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). As mentioned, a district court has discretion to adopt rules regulating admission to its own bar. *Frazier*, 482 U.S. at 645. "Whether grounded upon the inherent power of the court or upon the rule-making power conferred by 28 U.S.C. § 2071, the operative principle is the same: if the local rule is related to the management of the court's business and it is not inconsistent with a statute or other rule or the Constitution, then it is valid." *In re Sutter*, 543 F.2d 1030, 1037 (2d Cir. 1976). The Second Circuit "accord[s] substantial deference to a district court's interpretation of its own local rules." *In re Kandekore*, 460 F.3d 276 (2d Cir. 2006).

Plaintiff's contention that the sponsor affidavit requirement violates his First Amendment rights fails to state a claim upon which relief can be granted. The First Amendment prevents the government from "abridging the freedom of speech … or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. "Generally, the government may license and regulate those who would provide services to their clients for compensation without running afoul of the First Amendment." *NAAMJP v. Howell*, 851 F.3d 12, 19 (D.C. Cir. 2017); *see also Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 459 (1978) ("A lawyer's procurement of remunerative employment is a subject only marginally affected with First Amendment concerns. It falls within the … proper sphere of economic and professional regulation."). "The interest … in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975) (citations omitted).

Accordingly, "[i]f the government enacts generally applicable licensing provisions limiting the class of persons who may practice the profession, it cannot be said to have enacted a limitation on freedom of speech or the press subject to First Amendment scrutiny." *Lowe v. SEC*, 472 U.S. 181, 232 (1985) (White, J., concurring). "Regulations on entry into a profession, as a general matter, are constitutional if they 'have a rational connection with the applicant's fitness or capacity to practice' the profession." *Id.* at 228 (quoting *Schware v. Bd. of Bar Exam'rs*, 353 U.S. 232, 239 (1957)).

Here, the sponsor affidavit component of the Eastern District and Southern District of New York's bar application is a content-neutral licensing requirement for the practice of law in this District and does not abridge any freedom of speech or expression. The requirement also does not target any speech based upon the viewpoint of the speaker. The sponsor affidavit is essentially a request for a reference who can comment on the applicant's character and experience. Assuming, for argument's sake, that Plaintiff's "broadly formulated First Amendment argument here w[ere] successful, [it would] greatly undermine the power … to regulate bar membership, when this power has been repeatedly recognized and upheld by the courts." *Russell v. Hug*, 275 F.3d 812, 822 (9th Cir. 2002).

In fact, the Third, Fourth and D.C. Circuits have all found that the respective local rules governing attorney admissions did not violate the First Amendment. *See NAAMJP v. Howell*, 851 F.3d 12, 16, 20 (D.C. Cir. 2017) (local rules governing bar admission to the District Court for the District of Columbia merely regulate the profession and "do[] not discriminate on the basis of the subject matter or viewpoint of any bar applicant's speech, the area of law an applicant would practice, or the clients an applicant would represent, [n]or does it regulate when, where, or how attorneys speak, or prohibit a category of professional speech.") (citations

omitted); *NAAMJP v. Simandle*, 658 Fed. Appx. 127, 131, 136 (3d Cir. 2016) (local rules governing admission to the bar of the District of New Jersey do not target any speech based upon its content or the viewpoint of the speaker and are "nothing more than a standard regulation of the legal profession. It places minimal limitations on expressive activities. Unlicensed attorneys are free to represent themselves *pro se*, pass the New Jersey bar exam, or apply for admission *pro hac vice* on a case-by-case basis."); *NAAMJP v. Lynch*, 826 F.3d 191, 194 n. 3, 196 (4th Cir. 2016) (local rule governing admission to the bar of the District Court for the District of Maryland, which includes requirements such as "being of good private and professional character and having familiarity with the relevant local and federal rules," "is simply a regulation of a profession" and does not compel attorneys to speak, restrict speech, or regulate speech based on its content); *NAAMJP v. Castille*, 799 F.3d 216, 218, 221, 223 (3rd Cir. 2015) (Pennsylvania bar admission rule is a content-neutral licensing requirement that imposes general prerequisites for the practice of law that has a rational connection with the applicant's fitness and capacity to practice the profession).

The Second Circuit has cited with approval the case law concerning the regulation of attorneys and its lack of implication of the First Amendment.  *See Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third & Fourth Dep'ts*, 852 F.3d 178, 190 (2d Cir. 2017) (attorney admission reciprocity rule was a permissible "exercise of Pennsylvania's broad power to establish standards for licensing practitioners and regulating the practice of professions," citing *Castille*, 799 F.3d at 221, and "[l]ike bar admission requirements, the regulations at issue here balance desired limitations on the legal profession that promote quality and ethical lawyering against the necessary increase in the cost of practicing law.").  In sum, Local Rule 1.3(a)'s sponsor affidavit prerequisite is a content-neutral licensing requirement that seeks to

ensure that the applicant is qualified by his experience and possesses good moral character.  It does not discriminate on the basis of the subject matter or viewpoint of any bar applicant's speech, the area of law an applicant would practice, or the clients an applicant would represent, nor does it regulate when, where, or how attorneys speak, or prohibit a category of professional speech.  Accordingly, the sponsor affidavit requirement does not violate the First Amendment.

**B. Local Rule 1.3(a) Does Not Violate the Freedom of Association Because it Does Not Involve Protected Expression and Does Not Significantly Affect the Ability to Advocate Viewpoints**

Plaintiff appears to allege a First Amendment claim based on the freedom of association. Specifically, Plaintiff alleges that the affidavit prerequisite would require him to disclose to a sponsor his philosophical, religious, political, social, moral, and ethical beliefs and a sufficient number of experiences to demonstrate consistency with those beliefs.  *See* Compl. at ¶¶ 20, 21. Plaintiff's vague and conclusory allegations do not state a claim upon which relief can be granted.

Implicit in the right to engage in activities protected by the First Amendment is a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.  *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984) (citations omitted).  The freedom of association plainly presupposes a freedom not to associate.  *Id.* at 623 (citation omitted).  However, "the right to associate for expressive purposes is not absolute [and] infringements on that right may be justified by regulations adopted to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms."  *Id.* (citations omitted).

Plaintiff's claim cannot withstand the test set forth by the Supreme Court when analyzing a freedom of association claim.  In *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000), the

21

Supreme Court used a three-step process to analyze an expressive association claim, which roughly follows the analytical structure that the Court employed in *Roberts*. *See Roberts*, 468 U.S. at 622-23. First, the Court considered whether the group making the claim engaged in expressive association. *See Dale*, 530 U.S. at 648. The Court then analyzed whether the state action at issue significantly affected the group's ability to advocate its viewpoints. *See id.* at 650. Finally, it weighed the state's interest implicated in its action against the burden imposed on the associational expression to determine if the state interest justified the burden. *See id.* at 657-58.

"[T]o come within [the First Amendment's] ambit, a group must engage in some form of expression, whether it be public or private." *Id.* at 648. Plaintiff cannot meet the *de minimis* threshold for expressive activity claims. In *City of Dallas v. Stanglin*, 490 U.S. 19 (1989), the Supreme Court held that protected expression does not include any possible expression. *See id.* at 25 ("It is possible to find some kernel of expression in almost every activity a person undertakes--for example, walking down the street or meeting one's friends at a shopping mall-- but such a kernel is not sufficient to bring the activity within the protection of the First Amendment.").

The requirement that Plaintiff interact with a sponsor does not encompass a political, social, economic, educational, religious, or cultural end. Sharing one's legal experiences and manifesting one's character has nothing to do with taking a stance on any issue of public political, social, or cultural importance. Plaintiff's Complaint merely lists, in conclusory fashion, that the sponsor affidavit rule would require him to disclose his philosophical, religious, political, social, moral, and ethical beliefs. *See* Compl. at ¶¶ 20, 22. Plaintiff's allegations fall short of demonstrating that his association with a sponsor is expression contemplated and covered by the

22

First Amendment.  Merely knowing and interacting with a member of the Eastern District bar who can comment on an applicant's experience and character is not a First Amendment protected activity.  Plaintiff attempts to hide this flaw by listing "philosophical, religious, political, social, moral, and ethical" as "buzzwords" without anything more.  *Id.*  Thus, Plaintiff's allegations do not show expression that rises to the *de minimis* standard required by the Supreme Court for constitutionally protected expressive association.

Even if Plaintiff could survive the first step of the *Dale* expressive association analysis by making a sufficient showing that he is a member of a group that engages in constitutionally protected expressive association, his claim would still fail.  The second step in the *Dale* analysis involves determining whether the state action at issue *significantly affected* the group's ability to advocate its viewpoints.  *See Dale*, 530 U.S. at 650 (emphasis added).

Local Rule 1.3(a) is not directed at any expressive activity and does not require any association.  Rather, the rule incorporates the idea that interactions would have occurred in one's life.  The Supreme Court has "subjected restrictions to scrutiny only where it was conduct with a significant expressive element that drew the legal remedy in the first place."  *Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 706 (1986)).  Any impact the local rule has on expressive activities is indirect and does not rise to the level of a constitutional violation.

Further, the affidavit prerequisite in Local Rule 1.3(a) is even-handed as it applies to all applicants, and neither acts as a penalty nor treats lawyers as a disfavored group.  Plaintiff can practice law in New York State (as published by the New York State Unified Court System website which lists Plaintiff's admission date as October 25, 2006) and he can practice in the Eastern District of New York via *pro hac vice* admission.  Thus, the local rule does not "significantly affect" Plaintiff or any other applicant's ability to advocate his or her viewpoints

and any impact on expressive activities is indirect and attenuated. *See Castille*, 799 F.3d at 218, 224 (Pennsylvania state bar rule which rejected applicants of non-reciprocal states did not violate one's freedom of association because the rule did not significantly affect the ability to advocate any viewpoints and any impact on expressive activities was "indirect and attenuated" as applicants were still able to practice law in Pennsylvania if they took the bar exam or applied for *pro hac vice* admission).   Accordingly, Local Rule 1.3(a) does not violate Plaintiff's freedom of association.

Even if Plaintiff could survive the first two steps of the *Dale* analysis, the third and final step requires weighing the government interest against the burden imposed on the associational expression to determine if the interest justifies the burden. *Dale*, 530 U.S. at 657-58.   Here, the Court's interest in ensuring the legal qualifications and good moral character of the members of its bar is substantially greater than the negligible burden imposed on Plaintiff's alleged associational expression.   The right to practice law is set aside for one who is qualified through good moral character and experience at the bar. *See Baird*, 401 U.S. at 8 ("The practice of law is not a matter of grace, but of right for one who is qualified by his learning and his moral character.") (citations omitted and emphasis added).   That is precisely what the local rule seeks to ensure.   As mentioned, the rule places no burden on any expression.   The rule merely requires a sponsor to state "how long and under what circumstances the attorney has known the applicant." Local Rule 1.3(a).   The rule does not require any association but rather asks someone to draw on past experiences to inform the court as to the applicant's moral character and experience at the bar.

Putting aside the legal standards, which Plaintiff cannot meet and thus his complaint should be dismissed, Plaintiff should be readily capable of meeting the prerequisites of Local

Rule 1.3(a).  According to the New York State Unified Court System website, Plaintiff works with Todd Bank, his attorney in this matter, and Mr. Bank is a member of this Court's bar.  Public filings demonstrate that Mr. Bank has known Plaintiff for years.  In fact, Mr. Bank has known Plaintiff and represented him in several matters dating back to 2006.  *See* Docket Sheets EDNY - *Doyle v. American Home Products Corporation, et al*, 06-cv-05392-ERK-LB; *Doyle v. Roberts, et al*, 10-cv-02278-JG-RLM; *Doyle v. Midland Credit Management, Inc.*, 11-cv-05571-JG-MDG; Docket Sheets SDNY – *Doyle v. MasterCard Int'l, Inc.*, 15-CV-9360-LTS; *see also Doyle v. Kroger Co.*, No. 3:12-0140, 2013 U.S. Dist. LEXIS 8775 (M.D. Tenn. Jan. 23, 2013).  Based on over ten years of interactions with Mr. Bank, Plaintiff would not need to associate with anyone other than his own attorney and office mate, who could serve as Plaintiff's sponsor in satisfying the affidavit prerequisite.

Plaintiff cannot meet any of the steps of the Supreme Court's test for analyzing a freedom of association claim.  Accordingly, the Court should grant defendant's motion to dismiss.

## CONCLUSION

For all the foregoing reasons, Defendant Douglas Palmer respectfully requests that this Court dismiss Plaintiff's claims in their entirety and with prejudice, together and with such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
      October 15, 2018

                                    RICHARD P. DONOGHUE
                                    United States Attorney
                                    271-A Cadman Plaza East
                                    Brooklyn, New York 11201

                  By:            /s/
                                    Matthew J. Modafferi
                                    Assistant U.S. Attorney
                                    718-254-6229
                                    Matthew.modafferi@usdoj.gov

cc: Todd C. Bank, Esq. (By ECF and Mail)
    *Attorney for plaintiff*
    119-40 Union Turnpike, 4th Floor
    Kew Gardens, NY 11415