UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT DOYLE,<br><br>                                      *Plaintiff*,<br><br>        -against-<br><br>DOUGLAS C. PALMER, in his official capacity as<br>Clerk of the United States District Court<br>for the Eastern District of New York,<br><br>                                      *Defendant*. | 1:18-cv-04439-JBW-CLP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3 AND RULES 60(b)(1) AND 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TODD C. BANK
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT DOYLE,<br><br>*Plaintiff*,<br><br>-against-<br><br>DOUGLAS C. PALMER, in his official capacity as<br>Clerk of the United States District Court<br>for the Eastern District of New York,<br><br>*Defendant*. | 1:18-cv-04439-JBW-CLP |

## INTRODUCTION

The undersigned counsel, on behalf of Plaintiff, Robert Doyle ("Doyle"), submits this memorandum of law in support of Doyle's motion, pursuant to Local Civil Rule 6.3 and Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, for reconsideration of the Orders dated October 29, 2018 (Dkt. No. 13), and November 1, 2018 (Dkt. No. 15), insofar as the Orders state, respectively and as italicized by the undersigned: "The court will hear the government's motion to dismiss the complaint on November 7, 2018 at 11:15 a.m., in courtroom 10B South. [¶] *Mr. Robert Doyle shall appear in person with counsel*," and "The plaintiff's request for an adjournment is granted. [¶] The hearing will be held on November 19, 2018 at 10:30 a.m. *If the named plaintiff does not appear as ordered, the case will be dismissed*."

## ARGUMENT

### POINT I

**THE COURT DOES NOT HAVE THE AUTHORITY TO
REQUIRE PLAINTIFF TO APPEAR FOR ORAL ARGUMENT**

First, Doyle hired the undersigned as of right pursuant to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by

1

counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Second, there is no local rule of the Eastern District of New York ("E.D.N.Y. Local Rule") that authorizes a judge to require a represented party to appear for an oral argument; however, such authorization, if it did exist, would be invalid and thereby void, as a district court's rules must be consistent with the Federal Rules of Civil Procedure, *see* 28 U.S.C. § 2071(a), whereas there is only one instance, *i.e.*, a conference held under Rule 16, with respect to which the Federal Rules authorize a district court to require a represented party to make a pre-trial appearance. *See* Fed. R. Civ. P. 16(c)(1). *Cf.* Fed. R. Civ. P. 78 (authorizing a district judge to conduct oral argument but not authorizing the district judge to require the appearance of a person who will not be arguing the motion, much less such a person who is represented by counsel).

That the above-referenced authorization in Rule 16 does not appear in Rule 78 necessarily implies that a district court's local rules may not authorize a district judge to require a represented party to make a pre-trial appearance other than at a Rule 16 conference. *See Jaen v. Sessions*, 899 F.3d 182, 189 (2d Cir. 2018) ("'[w]here Congress *includes* particular language in *one section of a statute* but *omits it* in *another section* of the same Act, it is generally presumed that Congress acts intentionally and purposely in the *disparate inclusion or exclusion*,'" quoting *Russello v. United States*, 464 U.S. 16 (1983) (emphases added). This principle is also true, if not more so, of the Supreme Court, which enacts the Federal Rules pursuant to 28 U.S.C. § 2072(a), and which presumably pays close attention to the wording of the Rules; *see also Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017) ("[w]e employ the traditional tools of statutory construction to interpret the Federal Rules of Civil Procedure") (citations and quotation marks omitted)).

Third, whereas the Federal Rules provide that "[a] [district] judge may regulate practice in any manner consistent with federal law, [the Federal Rules], . . . and the district's local rules," Fed. R. Civ. P. 83(b), the regulation of practice that is at issue, *i.e.*, the Orders' directive that Doyle, a represented party, appear for the oral argument on Defendant's dismissal motion, is not consistent with either the Federal Rules or any valid E.D.N.Y. Local Rule.

## CONCLUSION

Plaintiff requests that this Court reconsider, and vacate, the Orders dated October 29, 2018 (Dkt. No. 13), and November 1, 2018 (Dkt. No. 15), insofar as the Orders state, respectively and as italicized by the undersigned: "The court will hear the government's motion to dismiss the complaint on November 7, 2018 at 11:15 a.m., in courtroom 10B South. [¶] *Mr. Robert Doyle shall appear in person with counsel*," and "The plaintiff's request for an adjournment is granted. [¶] The hearing will be held on November 19, 2018 at 10:30 a.m. *If the named plaintiff does not appear as ordered, the case will be dismissed.*"

Plaintiff further requests that the Court, in the event that it denies the instant motion, cite the authority upon which the Court relies in requiring Mr. Doyle to appear at the oral argument.

Dated: November 5, 2018

                                              Respectfully submitted,

                                                *s/ Todd C. Bank*
                                              TODD C. BANK
                                               ATTORNEY AT LAW, P.C.
                                              119-40 Union Turnpike
                                              Fourth Floor
                                              Kew Gardens, New York 11415
                                              (718) 520-7125
                                              By Todd C. Bank

                                              *Counsel to Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 5, 2018, a true and accurate copy of the foregoing document is being filed electronically via the Court's electronic-filing (ECF) system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and copies will be mailed to those parties, if any, who are not served via the Court's ECF system.

Dated: November 5, 2018

                                                                                s/ *Todd C. Bank*
                                                                                TODD C. BANK