UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT DOYLE,<br><br>                              *Plaintiff*,<br><br>    -against-<br><br>DOUGLAS C. PALMER, in his official capacity as<br>Clerk of the United States District Court<br>for the Eastern District of New York,<br><br>                              *Defendant*. | 1:18-cv-04439-JBW-CLP<br><br>**<u>AMENDED COMPLAINT</u>** |

## **<u>INTRODUCTION</u>**

1. This action concerns 28 U.S.C. Section 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein" (the "Admission Statute").

2. This action concerns 28 U.S.C. Section 2071(a), which states, in relevant part: "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business" (the "Prescribing Statute").

3. This action concerns Rule 83(a)(1) of the Federal Rules of Civil Procedure, which states, in relevant part: "After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice" (the "Rule-Making Rule").

4. This action concerns Rule 1.3(a) of the Local Rules of the United States District Court for the Eastern District of New York (the "Local Rules"), which states, in relevant part: "A verified written petition for [bar] admission . . . shall . . . be accompanied by an affidavit of an attorney of this

1

Court who has known the applicant for at least one year, stating when the affiant was admitted to practice in this Court, how long and under what circumstances the attorney has known the applicant, and what the attorney knows of the applicant's character and experience at the bar" (the "Affidavit Requirement").

5.    Plaintiff, Robert Doyle ("Doyle"), seeks: (i) a judgment declaring that the Affidavit Requirement, insofar as it was enacted pursuant to the Prescribing Statute, Admission Statute, and/or Rule-Making Rule, is un-Constitutional; and (ii) a writ of mandamus directing Defendant, Douglas C. Palmer, not to deny, solely upon the basis of Doyle's non-compliance with the Affidavit Requirement, Doyle's verified written petition ("Petition") for admission to the bar of the United States District Court for the Eastern District of New York (the "Eastern District of New York" or "Eastern District").

## JURISDICTION AND VENUE

6.    This Court has jurisdiction under 28 U.S.C. Sections 1331 and 1361.

7.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391(e)(1)(B).

## PARTIES

8.    Doyle is a natural person.

9.    Defendant, Douglas C. Palmer, is the Clerk of the United States District Court for the Eastern District of New York.

## ALLEGATIONS

10.   The Eastern District of New York enacted the Affidavit Requirement under the purported authority of the Prescribing Statute, Admission Statute, and/or Rule-Making Rule.

11.   The Constitution vests, in Congress, the authority to regulate the qualifications for admission to the bars of the United States District Courts. *See* U.S. Const., Art. I, Section 1; Art. I,

Section 8, cl. 9.

12. The Constitution vests, in the United States District Courts, "judicial Power" only. *See* U.S. Const., Art. III, Section 1.

13. The "judicial Power" of the United States District Courts does not include the power to regulate the qualifications for admission to the bars of such courts.

14. Upon information and belief, Defendant believes, and the Court will find, that the Prescribing Statute, Admission Statute, and Rule-Making Rule confers, upon the Eastern District, the power to regulate the qualifications for admission to the bar of the Eastern District.

15. Neither the Prescribing Statute, Admission Statute, nor Rule-Making Rule provides any principles, restrictions, requirements, parameters, or guidance with respect to the qualifications that the United States District Courts may impose for admission to the bars of such courts.

16. Insofar as the Prescribing Statute, Admission Statute, and/or Rule-Making Rule authorize each United States District Court to impose requirements for bar admission, each such court may impose requirements that differ materially from the requirements for bar admission to other such courts.

17. The Eastern District enacted the Affidavit Requirement under the purported authority of the Prescribing Statute, Admission Statute, and/or Rule-Making Rule.

18. Not all United States District Courts impose a requirement that is the same as, or materially similar to, the Affidavit Requirement.

19. Examples of United States District Courts that do not impose a requirement that is the same as, or materially similar to, the Affidavit Requirement are the District of Alaska, Central District of California, Southern District of Illinois, Eastern District of Missouri, District of New Jersey, and Western District of Wisconsin.

3

20. There is one federal judicial system, of which each United States District Court is an equal component.

21. The Affidavit Requirement renders the requirements for admission to the bar of the Eastern District materially different than the requirements for admission to the bars of those United States District Courts that do not impose a requirement that is the same as, or materially similar to, the Affidavit Requirement.

22. Doyle meets all of the substantive conditions, as set forth in Local Rule 1.3(a), for admission to the bar of the Eastern District.

23. Doyle is ready, willing, and able to comply, and wishes to comply, with each requirement of Local Rule 1.3(a), except the Affidavit Requirement.

24. Doyle believes that, in order for him to enable a member of the bar of the Eastern District (a "Sponsor") to provide a reasonably accurate assessment of Doyle's character, Doyle would be required to engage in certain activities (the "Necessary Activities").

25. The Necessary Activities include Doyle's disclosure, to a Sponsor, of Doyle's beliefs regarding philosophical, religious, political, social, moral, and ethical matters ("Doyle's Personal Beliefs").

26. The Necessary Activities include Doyle's disclosure, to the Sponsor, of a sufficient number of experiences of Doyle that demonstrate consistency, or inconsistency, with any of Doyle's Personal Beliefs.

27. The Necessary Activities include Doyle's disclosure, to the Sponsor, of Doyle's thoughts about a sufficient number of the Sponsor's beliefs regarding philosophical, political, religious, social, moral, and ethical matters (the "Sponsor's Personal Beliefs").

28. The Necessary Activities include Doyle's disclosure, to the Sponsor, of a sufficient

4

number of experiences of Doyle that demonstrate consistency, or inconsistency, with any of the Sponsor's Personal Beliefs.

29. Doyle's belief that he would have to engage in the Necessary Activities in order for him to enable a Sponsor to provide a reasonably accurate assessment of Doyle's character ("Doyle's Necessary-Activities Belief") is a belief that Doyle holds sacredly.

30. Doyle's Necessary-Activities Belief is fundamental to Doyle's self-identity.

31. It would be virtually impossible for Doyle to engage in the Necessary Activities to a degree that would avoid the non-negligible risk (the "Risk") that the Sponsor would be untruthful in stating "what the [Sponsor] knows of [] [Doyle]'s character."

32. Doyle believes that taking the Risk would be immoral.

33. Doyle's belief that it would be immoral to take the Risk ("Doyle's Risk-Related Belief") is a belief that Doyle holds sacredly.

34. Doyle's Risk-Related Belief is fundamental to Doyle's self-identity.

35. There is no option for an Applicant to seek further review of any part, or all, of a Sponsor's statement of "what the Sponsor knows of the [A]pplicant's character." Local Rule 1.3(a).

## LEGAL ASSERTIONS

36. The Affidavit Requirement is the result of a delegation, by Congress to the United States District Courts, of legislative power that Congress did not have the Constitutional authority to so delegate; and, accordingly, such delegation is un-Constitutional and, consequently, the Affidavit Requirement is un-Constitutional.

37. The Affidavit Requirement violates the due-process clause of the Fifth Amendment of the Constitution.

38. The Affidavit Requirement violates Doyle's rights under the First Amendment of the Constitution.

5

## **CLAIMS FOR RELIEF**

Plaintiff is entitled to the following relief:

(a) a judgment declaring, pursuant to 28 U.S.C. Section 2201(a), that the Affidavit Requirement is un-Constitutional; and

(b) a writ of mandamus, pursuant to 28 U.S.C. Section 1361, directing Defendant not to deny, solely upon the basis that Plaintiff's petition for admission to the bar of the United States District Court for the Eastern District of New York does not include the affidavit required by Rule 1.3(a) of the Local Rules of the United States District Court for the Eastern District of New York, the petition.

Dated: November 5, 2018

Respectfully submitted,

  s/ *Todd C. Bank*
TODD C. BANK
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2018, a true and accurate copy of the foregoing document is being filed electronically via the Court's electronic-filing (ECF) system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and copies will be mailed to those parties, if any, who are not served via the Court's ECF system.

Dated: November 5, 2018

                                                 s/ *Todd C. Bank*
                                                 TODD C. BANK