

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 14, 2018

**By ECF**

Honorable Jack B. Weinstein
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Robert Doyle v. Douglas Palmer*
      Civ. No. 18-CV-4439 (JBW) (CLP) (E.D.N.Y.)

Dear Judge Weinstein:

  This Office represents Defendant Douglas Palmer, the Clerk of Court, in this matter in which Plaintiff alleges that Local Rule 1.3(a) of the Eastern and Southern Districts of New York is unconstitutional. Defendant writes in response to Plaintiff's recently filed Amended Complaint to respectfully inform the Court that the arguments set forth in the motion to dismiss apply with equal force to the Amended Complaint.

  By way of background, Plaintiff's original complaint alleged that 28 U.S.C. § 1654 violates the Due Process clause of the Fifth Amendment and Local Rule 1.3(a) violates his rights under the First Amendment. *See* Dkt. Entry No. 1, at ¶¶ 28, 29. Defendant moved to dismiss the Complaint on the grounds that (1) Plaintiff failed to establish an applicable waiver of sovereign immunity and thus, the Court lacks subject matter jurisdiction over his claims, and (2) even assuming the Court has jurisdiction, 28 U.S.C. § 1654 does not violate the Fifth Amendment and Local Rule 1.3(a) does not violate Plaintiff's First Amendment rights. *See* Dkt. Entry No. 12. In response, Plaintiff filed an Amended Complaint that is substantially similar to the original complaint, except he no longer alleges that 28 U.S.C § 1654 is unconstitutional, but rather asserts that Local Rule 1.3(a) violates both the First and Fifth Amendments. *See* Dkt. Entry No. 18, at ¶¶ 37, 38.

  Plaintiff's Amended Complaint should be dismissed for the same reasons set forth in Defendant's motion. To the extent the Court finds that it has jurisdiction and reaches the merits of the claims, Defendant submits that the arguments set forth in Point II equally apply to Local Rule 1.3(a). Specifically, Local Rule 1.3(a) does not violate the Fifth Amendment because attorneys do not constitute a suspect class and the right to practice law is not a property right protected by the Due Process Clause. *See* Dkt. Entry No. 12, at pp. 12-13. Moreover, the local rule does not violate equal protection because the requirement that a sponsor submit an affidavit regarding an applicant's qualifications, experience, and good moral character is rationally related

to the applicant's fitness to practice law in the Eastern and Southern Districts of New York. *See id.* at pp. 13-17.

Accordingly, Defendant respectfully requests that the Court consider the previously filed motion to dismiss as a motion to dismiss the Amended Complaint.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
    Matthew J. Modafferi
    Assistant U.S. Attorney
    718-254-6229
    Matthew.modafferi@usdoj.gov

cc: Todd C. Bank, Esq. (By ECF)
    Attorney for Plaintiff