UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT DOYLE, | MEMORANDUM & ORDER |
| Plaintiff, | 18-CV-4439 |
| -against- | |
| DOUGLAS PALMER, Clerk of the Federal District Court, Eastern District of New York, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

| Parties | Appearances |
|---|---|
| | **Todd C. Bank** |
| Plaintiff | Law Office of Todd C. Bank |
| | 119-40 Union Turnpike, Fourth Fl. |
| | Kew Gardens, NY 11415 |
| | 718-520-7125 |
| | **Matthew J. Modafferi** |
| Defendant | United States Attorney's Office |
| | Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |
| | 718-254-6229 |

**Table of Contents**

I.     Introduction ................................................................................................................ 2

II.    Claims ......................................................................................................................... 3

III.   Background ................................................................................................................. 5

       A.   Challenged Rule ................................................................................................. 5

       B.   Factual Allegations ........................................................................................... 6

IV.    Motion to Dismiss Standard ....................................................................................... 7

V.     Analysis ...................................................................................................................... 7

       A.   Survey of Federal Courts' Local Rules .............................................................. 7

       B.   Constitutional Delegation of Power by Congress to the Judiciary ................... 9

       C.   Fifth Amendment Claims ................................................................................. 10

       D.   First Amendment Claims ................................................................................. 12

VI.    Conclusion ................................................................................................................ 14

       A.   Proposal to Revise Local Rule 1.3(a) .............................................................. 14

       B.   Defendant's Motion to Dismiss ....................................................................... 14

VII.   Exhibit A: Survey of Federal Court Local Rules—Requirements for Attorneys to Sponsor
       Applicant's Admission to the Bar ............................................................................. 16

## I.     Introduction

This case arises out of a challenge to Local Rule 1.3(a) of the United States District Court for the Eastern District of New York's "sponsor affidavit requirement." Applicants to the bar of the Eastern District of New York must submit an affidavit from a current member of the bar, *who has known the applicant for a minimum of one year*, stating what the attorney knows of the applicant's character and experience.

Plaintiff Robert Doyle brings this action against the Clerk of the Federal District Court for the Eastern District of New York. He seeks both a declaration that the sponsor affidavit requirement is unconstitutional and a writ of mandamus to allow plaintiff to apply for admission

to the Eastern District of the New York bar without complying with the sponsor affidavit requirement.

Defendant moves to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. The Rule 12(b)(6) motion is granted.

## II.    Claims

*First*, plaintiff challenges the foundation of the federal courts' authority to adopt rules governing the admission of attorneys by arguing that Local Rule 1.3(a)'s sponsor affidavit requirement is the result of an unconstitutional delegation of power by Congress to the Judiciary. *Second*, he claims that the sponsor affidavit requirement contravenes the Fifth Amendment's Due Process and Equal Protection Clauses. *Third,* he alleges that it violates his rights under the First Amendment.

None of these claims have merit.

 "[A] district court has discretion to adopt local rules that are necessary to carry out the conduct of its business. This authority includes the regulation of admissions to its own bar." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (citations omitted); *see also* 28 U.S.C. § 1654; 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a)(1) ("After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the scope of the federal court's inherent power includes "the power to control admission to its bar and to discipline attorneys who appear before it" (citation omitted)).

"The practice of law is not a matter of grace, but of right for one who is qualified by his learning and his moral character." *Baird v. State Bar of Arizona*, 401 U.S. 1, 8 (1971) (citations

omitted). The sponsor affidavit requirement is a valid exercise of the Eastern District of New York's judiciary's authority to adopt local rules related to an applicant's fitness to practice law. *See In re Sutter,* 543 F.2d 1030, 1037 (2d Cir. 1976) ("Whether grounded upon the inherent power of the court or upon the rule-making power conferred by 28 U.S.C. § 2071, the operative principle is the same: if the local rule is related to the management of the court's business and it is not inconsistent with a statute or other rule or the Constitution, then it is valid."); *Ex parte Secombe*, 60 U.S. 9, 13 (1856) ("[I]t rests exclusively with the court to determine who is qualified to become one of its officers . . . ."). The court reasonably depends upon a lawyer's veracity and good faith and is therefore entitled to investigate the character of those who seek to practice before it.

Relevant is a review of the local rules for the United States courts. *See*, *infra*, Section V(A); Exhibit A (table summarizing court's survey of federal courts' rules). It demonstrated that admission requirements similar to the sponsor affidavit requirement of the Eastern District have been widely adopted by federal courts. *See* Ex. A (finding that 47 of 94 district courts require a sponsoring attorney to state what she or he knows of the applicant's character and/or experience at the bar; 6 require the sponsoring attorney know the applicant for at least one year). In Exhibit A, attached, those courts requiring the sponsoring attorney know the applicant for at least a fixed amount of time are marked with an asterisk.

The court reviewed the admission materials for each federal court. But, the application forms for several district courts—Western District of Arkansas, Central District of California, Eastern District of California, Southern District of California, District of Colorado, Northern District of Florida, Southern District of Florida, District of Kansas, District of Massachusetts,

District of Nebraska, District of North Dakota, Western District of Wisconsin—were not readily accessible.

There is no legal basis for the elimination of the sponsor affidavit requirement, but it may, in some few instances, make it more difficult to gain admission.  For this reason, the requirement that the sponsoring attorney know the applicant for a year should probably be eliminated.  Most courts do not require the sponsor to have known the applicant for any amount of time prior to commenting on their character and experience.

**III.  Background**

A.  Challenged Rule

Local Rule 1.3(a) sets out the requirements for admission to the bar of the Eastern District of New York.  It provides, in relevant part:

> "[An] application for [bar] admission . . . shall . . .  be accompanied by *an affidavit of an attorney of this Court who has known the applicant for at least one year*, stating when the affiant was admitted to practice in this court, how long and under what circumstances the attorney has known the applicant, and *what the attorney knows of the applicant's character and experience at the bar*."

(emphasis added).

The form affidavit that sponsoring attorneys are asked to fill out is simple, to the point, and should present no difficulty to an applicant.  It is set out below:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------X
**IN THE MATTER OF THE APPLICATION OF**
_____          **SPONSORING AFFIDAVIT**
**TO BE ADMITTED AS AN ATTORNEY**
-------------------------------------------------X


_____, being duly sworn, deposes and says:

      FIRST, I reside at _____,
and maintain offices and official address the practice of law at _____
_____.

      SECOND, I am an attorney at law, having been admitted to practice in the Supreme
Court, Appellate Division of the _____ Department of New York during the _____
Term, and the United States District Court for the Eastern District of New York, in good
standing.

      THIRD, I have known the Petitioner for at least one year and have visited with him/her
on numerous occasions.

      FOURTH, I know that the Petitioner has practiced law in the court of _____
_____, that Petitioner is of good moral character and fully qualified to be
admitted to practice in this Court.

      FIFTH, I know that the Petitioner has been attorney in actions on _____
_____.

      SIXTH, In my opinion Petitioner believes in the fundamental principles of the
Constitution of the United States and will make an honorable and capable member of the bar of
this Court.


_____
Sponsor's Signature


**Sworn to before me this**
**_____day of**
**_____, ____**
_____
Signature of Notary Public

Revised 05/2015

    B.    Factual Allegations

    Plaintiff is an attorney admitted to practice in the State of New York. *See* Hr'g Tr. 11:1–

5, Feb. 19, 2019. He allegedly wishes to become a member of the bar in the Federal District

Court for the Eastern District of New York. Am. Compl. ¶ 23. But, he contends he cannot comply with the sponsor affidavit requirement without compromising his beliefs or his self-identity. *See id.* ¶¶ 23, 29, 33.

To enable a current member of the bar to provide a reasonably accurate assessment of his character, Doyle alleges that he must engage in certain "necessary activities." *Id.* ¶ 24. They include the "disclosure, to a [s]ponsor, of [his] beliefs regarding philosophical, religious, political, social, moral, and ethical matters . . . [and] of a sufficient number of experiences of [his] that demonstrate consistency, or inconsistency, with any of [his] [p]ersonal [b]eliefs." *Id.* ¶¶ 25–26. He contends that it "would be virtually impossible for [him] to engage in the [n]ecessary [a]ctivities to a degree that would avoid the non-negligible risk . . . that the [s]ponsor would be untruthful in 'stating what [he] knows of [his] character.'" *Id.* ¶ 31. He believes that taking this "risk" is immoral and claims that this belief is "fundamental to his self-identity." *Id.* ¶¶ 33, 34.

### IV. Motion to Dismiss Standard

To grant a motion to dismiss for failure to state a claim upon which relief can be granted, "a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." *Clark St. Wine & Spirits v. Emporos Sys. Corp.*, 754 F.Supp.2d 474, 479 (E.D.N.Y. 2010).

### V. Analysis

#### A. Survey of Federal Courts' Local Rules

A review of the local rules for the 94 United States district courts, the 12 United States circuit courts, and the United States Supreme Court was made under this court's direction *ex mero motu*. *See* Ex. A (survey of federal courts' local rules). *See* Fed. R. Evid. 201(b)(2) (courts

may take judicial notice of facts that can be readily determined from sources whose accuracy cannot be reasonably questioned).  The survey revealed that Local Rule 1.3(a)'s sponsor affidavit requirement is, in general, consistent with the admission requirements of other federal courts.

United States courts have largely adopted their own sponsor requirements: 47 district courts, 8 circuit courts, and the Supreme Court require a sponsoring attorney to affirm that the applicant possesses good moral and professional character.  *See* Ex. A.  24 district courts and the Supreme Court require affirmation from two or more sponsors.  *See id*.

Relatively rare is the Eastern District's Local Rule 1.3(a)'s requirement that the sponsor has known the applicant for at least one year.  *See id.*   Only 5 other district courts impose a similar condition.  *See id.* (finding that the District for District of Columbia, Northern District of Illinois, District of Maryland, Southern District of New York, and Southern District of Texas require that the sponsor knows the applicant for at least one year; the District of Connecticut and District of Vermont for at least 6 months).   This requirement appears unnecessary.  A sponsoring lawyer should not need to know an applicant for a year to fairly assess his or her character and experience.  It creates avoidable problems for first-time applicants, as well for those attorneys new to the New York area, who may not have access to the same networks as many of their peers.

It is recommended that the judges of the Eastern District of New York revise Local Rule 1.3(a) by removing the condition that the sponsoring attorney must have known the applicant for a minimum of one year.  If the change is made, it is probably desirable to coordinate the shift with the Federal District Court for the Southern District of New York whose local rules mirror those of the Eastern District.  On a rare occasion, the one-year requirement may needlessly exclude a worthy attorney who lacks the requisite professional or social connections.  In our

unequal society, we should be encouraging those on the lower end of the socioeconomic ladder, with less acquaintanceships with lawyers, to enter the legal profession as a means to move up in status and to support themselves and their families—as well as to help others.

B.    Constitutional Delegation of Power by Congress to the Judiciary

Doyle claims that Local Rule 1.3(a)'s sponsor affidavit requirement is unlawful because it is the result of an unconstitutional delegation of legislative power to the federal courts.  The crux of his argument is that Congress cannot delegate the power to enact a rule like the sponsor affidavit requirement because it does not have the power to enact such a rule itself "whose application . . . in a particular district court is not based upon the presence or absence of any particular rationale of factors."  *See* Pl.'s Mem. Opp'n at 13, ECF No. 27, Dec. 3, 2018.

Plaintiff's claim is baseless.  *See Mistretta v. United States*, 488 U.S. 361, 387 (1989) ("Congress has undoubted power to regulate the practice and procedure of federal courts, and may exercise that power by delegating to this or other federal courts authority to make rules not inconsistent with the statutes or constitution of the United States." (quotation marks and citation omitted)).   As the district court in *In re Frazier* put it:

> Congress possesses the power to establish courts inferior to the Supreme Court and to make all laws necessary and proper for executing that power. U.S. Const., art. I, § 8, cl. 9; U.S. Const art. I, § 8, cl. 18.  As part of the power to make necessary regulations in establishing a lower court system, Congress can prescribe rules for practice and procedure in those courts. Congress has not exercised this power directly, however, but has instead delegated the rule-making authority to the courts themselves. . . .  So long as the lower courts do not exceed the authority delegated to them, they can prescribe rules of practice to the same extent as could Congress if it exercised the power directly.

594 F. Supp. 1173, 1178 (E.D. La. 1984), *aff'd*, 788 F.2d 1049 (5th Cir. 1986), *rev'd on other grounds*, *Frazier v. Heebe*, 482 U.S. 641 (1987).

Congress delegated to federal courts the express authority to enact desirable local rules to conduct the business before them.  *See* 28 U.S.C. § 1654; 28 U.S.C. § 2071.  Section 35 of the Judiciary Act of 1789, Act of September 25, 1789, Ch.20, 1 Stat. 73, 92, now codified as section § 1654 of Title 28, provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Section 2071(a) of Title 28 provides:

> The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business.  Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title.

28 U.S.C. § 1654 and 28 U.S.C. § 2071, along with Fed. R. Civ. P. 83, "authorize the adoption of rules for conducting court business and *this includes reasonable standards for admission to practice for the court*."  *In re G.L.S.*, 745 F.2d 856, 859 (4th Cir. 1984) (emphasis added).  The sponsor affidavit requirement is a lawful exercise of the court's authority to regulate admission to its own bar.  *See Frazier*, 482 U.S. at 645; *Sanders v. Russell*, 401 F.2d 241, 245 (5th Cir. 1968) ("The district courts have broad discretion in prescribing requirements for admission to practice before them . . . [and] ha[ve] a valid interest in regulating the qualifications and conduct of counsel . . . .").

This claim is meritless and must be dismissed.

### C.    Fifth Amendment Claims

Construed liberally, the amended complaint raises Fifth Amendment Due Process and Equal Protection claims against the defendant.  Both fail as a matter of law.

There is not the slightest hint that the Rule has ever been employed based on race, gender, or other discriminatory way.  *See Thiel v. Southern Pacific Co.*, 328 U.S. 217, 223

(1946) ("Wage earners, including those who are paid by the day, constitute a very substantial portion of the community, a portion that cannot be intentionally and systematically excluded in whole or in part without doing violence to the democratic nature of the jury system.").

Doyle cannot establish a deprivation of a liberty interest or property right necessary to prevail on a Due Process claim. *See Sutera v. Transportation Sec. Admin.*, 708 F. Supp. 2d 304, 313 (E.D.N.Y. 2010) ("To prevail on either a procedural or a substantive due process claim, a claimant must establish that he possessed a liberty or property interest of which the defendants deprived him."); *Maynard v. United States Dist. Court*, 701 F. Supp. 738, 743 (C.D. Cal. 1988) ("[C]ourts have held that the right to practice law is not a property right protected by the Due Process Clause." (citing *In re Roberts*, 682 F.2d 105, 107 (3rd Cir. 1982)); *Theard v. United States*, 354 U.S. 278, 281 (1957) ("Membership in the bar is a privilege burdened with conditions." (citation omitted)).

Nor can he demonstrate that the sponsor affidavit requirement violates the Equal Protection Clause. "Whether embodied in the Fourteenth Amendment or inferred from the Fifth, equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. . . . [A rule] that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the [rule]." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993).

"Under rational basis review, the challenged rule 'comes . . . . bearing a strong presumption of validity, and those attacking the rationality of the [rule] have the burden to negative every conceivable basis which might support it.'" *Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Lynch*, 826 F.3d 191, 196 (4th Cir. 2016) (alteration in original)

(citing *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. at 313). "Where there are 'plausible reasons' for Congress' action, 'our inquiry is at an end.'" *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. at 313–14 (citation omitted).

No impairment of a fundamental right or classification based on a suspect class can be established. *See*, *e.g.*, *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990) ("There is no fundamental right to practice law . . . [and] [a]ttorneys do not constitute a suspect class."); *Brooks v. Laws*, 208 F.2d 18, 28 (D.C. Cir. 1953) ("There is no inherent right to practice law. The right arises after qualification under the rules has been established.").

Local Rule 1.3(a)'s requirement that a sponsoring attorney provide his or her knowledge of the applicant's qualifications, experience, and good moral character is rationally related to the applicant's fitness to practice law. *See, e.g.*, *Schware v. Bd. of Bar Exam. of State of N.M.*, 353 U.S. 232, 239 (1957) ("A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law." (citations omitted)). It is necessary for the court to rely upon the good moral character and the intellectual capability of the attorneys before it, partly to protect the clients and partly to protect the court and the public. *See Ex parte Secombe*, 60 U.S. at 13; *Randall v. Brigham*, 74 U.S. 523, 540 (1868) ("The authority of the court over its attorneys and counsellors is of the highest importance.").

Plaintiff's unsupported claims alleging Fifth Amendment violations are dismissed.

  D. First Amendment Claims

Plaintiff's alleges that the sponsor affidavit requirement violates his rights under the First Amendment are not actionable.

"Generally, the government may license and regulate those who would provide services to their clients for compensation without running afoul of the First Amendment." *NAAMJP v. Howell*, 851 F.3d 12, 19 (D.C. Cir. 2017) (quotation marks and citations omitted). "A lawyer's procurement of remunerative employment is a subject only marginally affected with First Amendment concerns. It falls within the . . . proper sphere of economic and professional regulation." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 459 (1978).

The sponsor affidavit requirement does not violate the First Amendment. It does not target any speech based on its content or on the viewpoint of the speaker. Any possible miniscule impact that it may have on expressive activities does not rise to the level of a constitutional violation. *See Boy Scouts of America v. Dale*, 530 U.S. 640, 650 (2000). It is nothing more than a standard regulation of the legal profession that, as noted above, *see*, *supra*, Section V(C), passes rational basis review. *See Lowe v. SEC,* 472 U.S. 181, 228 (1985) ("Regulations on entry into a profession, as a general matter, are constitutional if they 'have a rational connection with the applicant's fitness or capacity to practice' the profession." (citation omitted)).

The court's rule merely requires that an applicant demonstrates his character and experience to a member of the Eastern District of New York bar. *See*, *supra*, Section III.A. It is essentially a request for a reference who can comment reliably on the applicant's general fitness to practice law. It does not require a comprehensive survey of the applicant's legal experience or an explanative analysis of her or his ethical beliefs. The court may reasonably inquire generally into the personal and professional background of applicants to its bar without contravening the First Amendment. *See Howell*, 851 F.3d at 19; *cf. Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975) ("The interest . . . in regulating lawyers is especially great since lawyers are essential to

the primary governmental function of administering justice, and have historically been 'officers of the courts.'" (citations omitted)).

Construing the facts in the manner most helpful to the plaintiff, Doyle cannot establish a violation of his freedom of association. *See, e.g., Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984) ("The right to associate for expressive purposes is not . . . absolute. Infringements on that right may be justified by regulations adopted to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms." (citations omitted)). He cannot establish a violation of his freedom of conscience. *See, e,g, Commack Self-Service Kosher Meats, Inc. v. Hooker*, 680 F.3d 194, 212 (2d Cir. 2012) ("[W]hen the government seeks to enforce a law that is neutral and generally applicable, it need only demonstrate a rational basis for its enforcement, even if enforcement of the law incidentally burdens religious practices." (quotation marks and citations omitted)).

Plaintiff's First Amendment claims lack merit and are dismissed.

## VI. Conclusion

### A. Proposal to Revise Local Rule 1.3(a)

This court suggests that the Eastern District of New York amend Local Rule 1.3(a) by removing the requirement that the sponsor "has known the applicant for at least one year." The condition appears unnecessary for an attorney of the court to provide a fair assessment of an applicant's character and experience.

### B. Defendant's Motion to Dismiss

Defendant's motion to dismiss the amended complaint is granted pursuant to Rule 12(b)(6). Plaintiff's claims are dismissed with prejudice.

Enter judgment in favor of the defendant.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   March 18, 2019
        Brooklyn, New York

15

**VII.    Exhibit A:** Survey of Federal Court Local Rules—Requirements for Attorneys to Sponsor Applicant's Admission to the Bar

| **Court** | **Rule** | **Sponsor Requirement** | **Number of Sponsors Required** | **Summary of Relevant Language** |
|---|---|---|---|---|
| Supreme Court of the United States | U.S. Sup. Ct. R. 5(2) | Yes | 2 | Sponsors must endorse the correctness of the applicant's statement, state that the applicant possesses all the qualifications required for admission, and affirm that the applicant is of good moral and professional character.<br><br>Sponsors must be members of the bar of the Supreme Court of the United States who personally know, but are not related to, the applicant. *See* Supreme Court Application for Admission to Practice, available at https://www.supremecourt.gov/bar/barapplication.pdf. |
| Court of Appeals for the First Circuit | 1st Cir. R. 46(a)(2) | Yes | 1 | Sponsor must recommend the applicant's petition and affirm that the applicant is of good moral and professional character and that (s)he is eligible for admission. *See* 1st Cir. Application and Oath for Admission to Practice, available at https://www.ca1.uscourts.gov/sites/ca1/files/admission.pdf. |
| Court of Appeals for the Second Circuit | 2d Cir. R. 46.1(a)(1) | Yes | 1 | Sponsor must certify that (s)he has read copies of the applicant's completed admission application and signed oath and that (s)he believes them both to be true and correct. The Sponsor shall indicate since what date (s)he has known the applicant, and affirm that the applicant is of good moral character, reputation, and competency. *See* 2d Cir. Attorney Admission Application, available at http://www.ca2.uscourts.gov/clerk/case_filing/forms/pdf/Attorney_Admission_form-instructions_12-1-16.pdf. |
| Court of Appeals for the Third Circuit | 3d Cir. R. 46.1(d) | Yes | 1 | Sponsor must certify that the applicant possesses the necessary qualifications and that his/her private and professional character is good. *See* 3d Cir. Sponsor's Motion and Certification, available at https://www2.ca3.uscourts.gov/legacyfiles/Sponsor_and_Oath_Form.pdf. |

| | | | | |
|---|---|---|---|---|
| Court of Appeals for the Fourth Circuit | 4th Cir. R. 46(b) | Yes | 1 | Sponsoring attorney must certify that (s)he is satisfied that the applicant is of good moral and professional character. *See* 4th Cir. Application for Admission to the Bar, available at http://www.ca4.uscourts.gov/docs/pdfs/attyadm.pdf. |
| Court of Appeals for the Fifth Circuit | 5th Cir. R. 46.1 | No | — | — |
| Court of Appeals for the Sixth Circuit | 6th Cir. R. 46(a)(3) | No | — | — |
| Court of Appeals for the Seventh Circuit | 7th Cir. R. 46(a) | Yes | 1 | Sponsor must vouch for the personal integrity and professional ethics of the applicant. *See* 7th Cir. Application for Admission to Practice, available at http://www.ca7.uscourts.gov/forms/applctn.pdf. |
| Court of Appeals for the Eighth Circuit | 8th Cir. R. 46A | No | — | — |
| Court of Appeals for the Ninth Circuit | 9th Cir. R. 46-1.1 | No | — | A sponsor is optional. If applicable, a sponsor must certify that (s)he is satisfied that the applicant possesses the qualifications set forth by Federal Rule of Appellate Procedure 46(a). *See* 9th Cir. Application and Oath for Admission, available at http://cdn.ca9.uscourts.gov/datastore/uploads/forms/form31.pdf. |
| Court of Appeals for the Tenth Circuit | 10th Cir. R. 46.2 | Yes | 1 | Sponsor must certify that the applicant is of good moral character and meets the requirements of Federal Rule of Appellate Procedure 46(a)(1). *See* 10th Cir. Application and Oath for Admission, available at https://www.ca10.uscourts.gov/sites/default/files/clerk/adminltrandform2018.pdf. |
| Court of Appeals for the Eleventh Circuit | 11th Cir. R. 46-1 | Yes | 1 | Sponsor must certify that (s)he is satisfied that the applicant is of good moral and professional character. *See* 11th Cir. Application for Admission to the Bar, available at http://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Application_for_Admission_to_the Bar Final AUG18.pdf. |
| Court of Appeals for the District of Columbia | D.C. Cir. Rule 46(b) | Yes | 1 | Sponsors must examine the credentials submitted by the applicant and vouch for the applicant as possessing the qualifications required for admission. *See* D.C. Cir. |

| | | | | Application for Admission to Practice, available at https://www.cadc.uscourts.gov/internet/home.nsf/Content/VL%20-%20Case%20Information%20-%20Attorney%20Admissions%20Application/$FILE/Application%20for%20Admission%20Form.pdf. |
|---|---|---|---|---|
| Middle District of Alabama | M.D. Ala. LR 83.1(a)(1) | No | — | — |
| Northern District of Alabama | LR 83.1(a)(1) | No | — | — |
| Southern District of Alabama | SD ALA LR 83.3(b) | No | — | — |
| District of Alaska | D.Ak. L.R. 83.1(b) | No | — | — |
| District of Arizona | LRCiv 83.1(a) | Yes | 1 | Sponsor must affirm that the applicant is a person of good moral character and professional standing. *See* D. Ariz. Application of Attorney for Admission to Practice, available at http://www.azd.uscourts.gov/sites/default/files/forms/ATYADM%20Application%20%28Fill-in%20Form%29_0.pdf. |
| Eastern District of Arkansas | L.R. 83.5(c) | Yes | 2 | Sponsors must affirm that they are personally acquainted with the applicant and that the applicant possesses the necessary qualifications of age, character, and legal knowledge to be entitled to admission. *See* E.D. Ark. Recommendation for Attorney Admission, available at https://www.are.uscourts.gov/sites/are/files/AttyAdmissionRec.pdf. |
| Western District of Arkansas | L.R. 83.5(c) | No | — | — |
| Central District of California | C.D. Cal. R. 83-2.1.2.2 | No | — | — |
| Eastern District of California | E.D. Cal. R. 180(a) | No | — | — |
| Northern District of California | Civil L.R. 11-1(c) | No | — | — |
| Southern District of California | CivLR. 83.3(c) | No | — | — |
| District of Colorado | D.C.COLO. LAttyR 3(a) | No | — | — |

| | | | | |
|---|---|---|---|---|
| District of Connecticut* | D.Conn. L. Civ. R. 83.1(b) | Yes | 2 | Sponsors must affirm that (s)he has known the applicant for at least six months, that the applicant has good professional character, that the applicant is experienced at the bar, for how long and under what circumstances the sponsor has known the applicant's professional character and experience as an attorney, and that the sponsor knows of no fact which would call into question the integrity or character of the applicant. *See* D.Conn. Certificate From Sponsoring Attorney, available at http://www.ctd.uscourts.gov/sites/default/files/forms/Adm%202-Certificate%20From%20Sponsoring%20Attorney.pdf. |
| District of Delaware | D. Del. LR 83.5(b) | No | — | — |
| District for District of Columbia* | LCvR 83.8(c) | Yes | 1 | Sponsor must have known the applicant for at least one year and provide a statement on the applicant's character and experience at the bar. *See* D.D.C. Application for Admission to Practice, available at https://www.dcd.uscourts.gov/sites/dcd/files/ApplicationAdmission2019.pdf. |
| Middle District of Florida | Local Rule 2.01(b) | Yes | 2 | Sponsors must affirm that the applicant is of good moral character and is otherwise competent and eligible for general admission to practice in the Middle District of Florida. |
| Northern District of Florida | N.D. Fla. Loc. R 11.1(B) | No | — | — |
| Southern District of Florida | S.D. Fla. L.R. Attys 2 | No | — | — |
| Middle District of Georgia | LR 83.1.1(C) | No | — | — |
| Northern District of Georgia | LR 83.1(A)(2)(b), NDGa | No | — | Applicant must provide the name of a sponsor, but there is no requirement that the sponsor comment on the applicant's character and experience. *See* N.D. Ga. Application for Admission to the Bar, available at https://ecf.gand.uscourts.gov/GAND_AtyAdm.html. |

| | | | | |
|---|---|---|---|---|
| Southern District of Georgia | LR 83.3(a) | Yes | 2 | Sponsors must affirm that the facts set forth in the applicant's petition are true and that the applicant is an ethical person of good moral character, good conduct, and professional responsibility. *See* S.D. Ga. Petition for Bar Admission, available at https://www.gasd.uscourts.gov/sites/gasd/files/attyfrm.pdf. |
| District of Guam | GR 17.1(b)(1)(B) | Yes | 1 | Sponsor must affirm that (s)he knows the applicant and that the applicant is of good moral character. |
| District of Hawaii | LR 83.1(c) | No | — | — |
| District of Idaho | Dist. Idaho Loc. Civ. R. 83.4(a) | No | — | |
| Central District of Illinois | CDIL-LR 83.5(A) | No | — | A sponsor is optional. If the applicant chooses to be admitted upon the motion of a current member, the movant sponsor must affirm that the applicant is of good moral character and general fitness to practice law. *See* C.D. Ill. Motion for Admission to Practice, available at https://www.ilcd.uscourts.gov/sites/ilcd/files/atty adm application 0.pdf. |
| Northern District of Illinois* | L.R. 83_10(c) | Yes | 2 | Sponsors must have known the applicant for at least one year, state for how long and under what circumstances they know the applicant, state what the sponsors know the applicant's reputation and experience at the bar to be, and affirm that the applicant is of good moral character and otherwise qualified to practice as a member of the bar. *See* N. D. Ill. Petition for Admission to the General Bar, available at https://www.ilnd.uscourts.gov/_assets/_documents/ forms/ public/genbar99.PDF. |
| Southern District of Illinois | SDIL-LR 83.1(a) | No | — | A sponsor is optional. If the applicant chooses to be admitted upon the motion of a current member, the movant sponsor must affirm for how long (s)he has known applicant for, that the applicant exhibits good moral character and general fitness to practice law, and that (s)he recommends the applicant's admission to practice law in this district court. *See* S.D. Ill. Motion for Admission to Practice Generally, available at https://www.ilsd.uscourts.gov/forms/AttyAdmissionsPacketGeneral.pdf. |

| | | | | |
|---|---|---|---|---|
| Northern District of Indiana | N.D. Ind. L.R. 83-5(c)(1) | No | — | — |
| Southern District of Indiana | S.D. Ind. L.R. 83-5(c)(1) | Yes | 1 | Sponsor must affirm that the applicant is a person of good personal and professional character and that the applicant is a licensed attorney currently active and in good standing and admitted to practice in at least one state. *See* S.D. Ind. Application for Admission, available at https://www.insd.uscourts.gov/attorney-admission-information. |
| Northern District of Iowa | LR 83(c)(1) | Yes | 1 | Sponsor must affirm that (s)he is acquainted with the applicant, that the applicant is a member in good standing of the Bar of the Supreme Court of the State of Iowa, and that the applicant is a person of good moral character. *See* N.D. Iowa Application for Admission, available at https://www.iand.uscourts.gov/sites/iand/files/P%20-%20Petition%20for%20Admission%20NDIA.pdf. |
| Southern District of Iowa | LR 83(c)(1) | Yes | 1 | Sponsor must affirm that (s)he is acquainted with the applicant, that the applicant is a member in good standing of the Bar of the Supreme Court of the State of Iowa, and that the applicant is a person of good moral character. *See* S.D. Iowa Application for Admission, available at https://www.iasd.uscourts.gov/sites/default/files/forms/Admission%20Packet%20-%20Standard%20-%2010-10-2018.pdf. |
| District of Kansas | D. Kan. Rule 83.5.2(b) | No | — | — |
| Eastern District of Kentucky | LR 83.1(b)(3) | Yes | 1 | Sponsor must state that (s)he believes the statement provided by the applicant to be true, for how long (s)he has known applicant, and his/her opinion of applicant's character, reputation and competency. Sponsor must vouch for the personal and professional integrity of the applicant. *See* E.D. Ky. Affidavit of Sponsor, available at http://www.kyed.uscourts.gov/kyed_pdfs/affidavitmotion.pdf. |
| Western District of Kentucky | LR 83.1(b)(3) | Yes | 1 | Sponsor must affirm that the statements provided by the applicant are true and that the applicant is fully qualified to be admitted to practice in the |

| | | | | |
|---|---|---|---|---|
| | | | | Western District of Kentucky.  Sponsor vouches for the good moral and professional character of the applicant and that the applicant has been admitted to practice before and is in good standing with the Supreme Court of Kentucky. *See* W.D. Ky. Admission for Attorney to Practice, available at https://www.kywd.uscourts.gov/sites/kywd/files/forms/Application_for_Admission_by_Appointment 2.pdf. |
| Eastern District of Louisiana | LR 83.2.2(A) | Yes | 2 | Sponsors must affirm for how long they have known the applicant, how they know the applicant, and that they know the applicant to be a person of good moral character.  *See* E.D. La. Petition for Admission to Practice, available at http://www.laed.uscourts.gov/sites/default/files/forms/pfap-pkt.pdf. |
| Middle District of Louisiana | LR 83(b)(3)(A) | Yes | 2 | Sponsors must affirm for how long they have known the applicant, that they are familiar with his/her reputation and moral character, and they believe the applicant should be admitted to the bar.  *See* M.D. La. Motion for Admission to Practice, available at https://www.lamd.uscourts.gov/attorney-admission. |
| Western District of Louisiana | L.R. 83.2.3 | Yes | 2 | Sponsors must affirm that they have read the applicant's petition for admission and that the information within is true and that the applicant is of good moral character and is qualified to practice before the court.  *See* W.D. La. Petition for Admission, available at https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/LAWD_Petition_for_Admission_2.pdf. |
| District of Maine | Rule 83.1(b) | No | — | — |
| District of Maryland* | Rule 701(2)(a) | Yes | 1 | Sponsor must affirm that the applicant is a member in good standing of a state (or the District of Columbia) and is qualified for admission to the bar, that (s)he is willing to assist the applicant in learning the standards, practices and procedures of the court, and how and for how long (s)he has known the applicant.

Sponsor must have known the applicant for at least one year.  (This requirement may be waived if the sponsor attaches the applicant's |

| | | | | |
|---|---|---|---|---|
| | | | | resume, two attorney references that can attest to the applicant's knowledge, skills and abilities as an attorney, and attest to additional reasons why the sponsor believes the applicant is qualified to be a member of the bar.)  *See* D. Md. Attorney Admission Application, available at https://www.mdd.uscourts.gov/sites/mdd/files/forms/AdmissionApplication.pdf. |
| District of Massachusetts | LR, D. Mass 83.5.1(b) | No | — | — |
| Eastern District of Michigan | E. D. Mich. LR 83.20(d)(3) | No | — | Applicant is only required to have a sponsor if (s)he was held in contempt (or subject to other discipline under E.D. Mich. LR 83.20(c)(2)) or is taking the oath of office by telephone of video conference.<br><br>If required, sponsor must affirm for how long (s)he has known the applicant for, the practice of law the applicant has engaged in, and that the applicant is of good character and reputation and is qualified to practice as a member of the bar of the Eastern District of Michigan.  *See* E.D. Mich. Application for Admission to Practice, available at http://www.mied.uscourts.gov/PDFFIles/attyAdmissionApplication.pdf. |
| Western District of Michigan | W.D. Mich. LGenR 2.1(b) | Yes | 1 | Sponsor must affirm under what circumstances (s)he has known the applicant, that the applicant is of good character and reputation, and that the applicant is well qualified as a member of the bar of the Western District of Michigan.  *See* W.D. Mich. Petition for Admission, available at https://www.miwd.uscourts.gov/sites/miwd/files/Petition%20for%20Admission.pdf. |
| District of Minnesota | LR 83.5(c)(2)(B | Yes | 2 | Sponsors must affirm how long and under what circumstances they have known the petitioner and what they know of petitioner's character and legal experience. |
| Northern District of Mississippi | L.U.Civ.R. 83.1(a)(1)(B) | No | — | Sponsor must affirm that applicant is a member in good standing in the Mississippi Bar and is familiar with the Local Rules and the Mississippi Rules of Professional Conduct.  Sponsor is not required to comment on applicant's character and/or experience. |
| Southern District of Mississippi | L.U.Civ.R. 83.1(a)(1)(B) | No | — | An applicant must have a sponsoring attorney certify that the applicant is a member in good |

| | | | | standing in the Mississippi Bar and is familiar with the Local Rules and the Mississippi Rules of Professional Conduct. Sponsor is not required to comment on applicant's character and/or experience. |
|---|---|---|---|---|
| Eastern District of Missouri | E.D.Mo. L.R. 83-12.01(C) | No | — | — |
| Western District of Missouri | L.R. 83.5(c)(1)(B) | Yes | 2 | Sponsors must state what they know of the applicant's character and experience at the bar. They must affirm for how long they have known the applicant, state what they know of the applicant's character, standing at the bar, and association with or employment by any attorneys admitted to the bar, and recommend the applicant for admission. *See* W.D. Mo. Attorney Character Certificate, available at https://www.mow.uscourts.gov/sites/mow/files/ Attorney_Character_Certificates.pdf.<br><br>No sponsor is required if the applicant has passed the Missouri Bar Examination and been admitted to the Missouri Bar in the current calendar year. |
| District of Montana | L.R. 83.1(b)(2)(ii) | Yes | 1 | Sponsor must affirm that the applicant is of good moral character and a member in good standing of the State Bar of Montana. |
| District of Nebraska | NEGenR 1.7(d) | No | — | — |
| District of Nevada | D. Nev. Civ. R. 11-1(a)(2)(A) | Yes | 1 | Sponsor must affirm that the applicant is of good moral and professional character and a member of the State Bar of Nevada. |
| District of New Hampshire | LR 83.1(b) | No | — | — |
| District of New Jersey | L.Civ.R. 101.1 | No | — | — |
| District of New Mexico | D.N.M.LR-Civ. 83.2(a) | No | — | — |
| Eastern District of New York* | Local Civil Rule 1.3(a) | Yes | 1 | Sponsor must have known the applicant for at least one year and state what they know of the applicant's character and experience at the bar. (S)he must affirm that (s)he has known the applicant for at least a year and has visited with the applicant on numerous occasions, where the applicant has practiced law, that the applicant is of good moral character and is fully qualified to be admitted, what actions the applicant has been |

| | | | | |
|---|---|---|---|---|
| | | | | an attorney in, and that the applicant believes in the fundamental principles of the Constitution of the United States and will make an honorable and capable member of the bar. *See* E.D.N.Y. Sponsoring Affidavit, available at https://img.nyed.uscourts.gov/files/forms/NGSponsoringAffidavit.pdf. |
| Northern District of New York | L.R. 83.1(a)(2) | Yes | 1 | Sponsor must affirm for how long (s)he has known the applicant and that the applicant is of high moral character and suitable for admission to the bar. *See* N.D.N.Y. Declaration of Sponsor, available at https://www.nynd.uscourts.gov/sites/nynd/files/forms/Declaration_of_Sponsor_FILLABLE.pdf. |
| Southern District of New York* | Local Rule 1.3(a) | Yes | 1 | Sponsor must have known the applicant for at least one year and state what they know of the applicant's character and experience at the bar. (S)he must affirm (s)he personally knows the applicant and for how long (s)he has known the applicant, that the applicant possesses the qualifications, as well as the professional character, required for admission to the bar, and that the applicant's personal statement is correct. *See* S.D.N.Y. Petition for Admission, available at http://www.nysd.uscourts.gov/docs/admissions/SDNY%20Attorney%20Admission%20Form.pdf. |
| Western District of New York | L.R. Civ. P. 83.1(b)(1)(A)(ii) | Yes | 1 | Sponsor must certify for how long (s)he has known applicant, and under what circumstances, and what (s)he knows about the applicant's moral character and fitness to be admitted to practice in the Western District of New York. *See* W.D.N.Y. Sponsoring Affidavit, available at https://www.nywd.uscourts.gov/sites/nywd/files/admission_sponsor_form.pdf. |
| Eastern District of North Carolina | Local Civil Rule 83.1(c) | Yes | 2 | Sponsors must affirm that the applicant is of good moral character and professional reputation and meets the requirements for admission to the bar. |
| Middle District of North Carolina | LR 83.1(b) | No | — | An attorney must move for the applicant's admission, but (s)he is not required to comment on the applicant's character and/or experience. |
| Western District of North Carolina | LCvR 83.1(a) | No | — | An attorney must move for the applicant's admission, but (s)he is not required to comment on the applicant's character and/or experience. |

| District | Rule | Sponsors Required | Number | Description |
|---|---|---|---|---|
| District of North Dakota | D.N.D. Gen. L. R. 1.3(c)(1) | No | — | — |
| District of the Northern Mariana Islands | LR 83.5 | No | — | — |
| Northern District of Ohio | LR 83.5(d) | Yes | 2 | Sponsors must endorse the applicant's personal statement. They must affirm they are not related to the applicant, that they personally know the applicant, that the applicant possesses all the qualifications required for admission to the bar, that the applicant's personal statement is correct, and that the applicant's personal and professional character and standing are good. *See* N.D. Ohio Application for Admission to Practice, available at https://www.ohnd.uscourts.gov/sites/ohnd/files/ApplicationAdmisionToPractice.pdf. |
| Southern District of Ohio | S.D. Ohio Civ. R. 83.3(c)(1) | Yes | 2 | Sponsors must vouch for the good moral character and professional reputation of the candidate. They affirm that they are personally acquainted with the applicant and that the applicant is of good standing in the profession, is of good moral character, is otherwise qualified, and is a suitable and proper person to be admitted to the bar of the Southern District of Ohio. *See* S.D. Ohio Application for Admission to the Bar, available at https://www.ohsd.uscourts.gov/sites/ohsd/files/2013%2002%2011%20Atttorney%20Application%20for%20Admission%20FINAL.pdf. |
| Eastern District of Oklahoma | LCvR 83.2(c) | No | — | — |
| Northern District of Oklahoma | LCvR 83.2(c) | Yes | 2 | Sponsors must recommend the applicant be admitted to practice in the Northern District of Oklahoma and certify that the applicant is a person of good moral character. *See* N.D. Okla. Application for Admission, available at https://www.oknd.uscourts.gov/alfresco/d/d/workspace/SpacesStore/4bb6f475-7b7f-4e8b-9923-5ad2dd82c43b/AT-03.pdf.<br><br>Applicant does not need sponsorship if (s)he furnishes a Certificate of Good Standing from the Western or Eastern Districts of Oklahoma. |
| Western District of Oklahoma | LCvR 83.2(c) | No | — | Sponsors are optional. If applicable, three sponsors must vouch for the applicant's |

| | | | | |
|---|---|---|---|---|
| | | | | character and qualifications. *See* W.D. Okla. Application for Admission, available at http://www.okwd.uscourts.gov/wp-content/uploads/2015/04/070_a.pdf. |
| District of Oregon | LR 83–1(b) | Yes | 2 | Sponsors must affirm that they are personally acquainted with the applicant, that they know the applicant to be of good moral character, and that the applicant is otherwise competent and eligible to practice before the bar of the District of Oregon. *See* D. Or. Application for Attorney Admission, available at https://www.ord.uscourts.gov/index.php/component/rsfiles/download-file/files?path=attorneys%252Fadmissions%252Fapplications%252FApplication%2Bfor%2BGeneral%2BAdmission.pdf&Itemid=447. |
| Eastern District of Pennsylvania | Local Rule 83.5 | Yes | 1 | Sponsors must affirm that the applicant is a member of the bar in good standing of the Supreme Court of Pennsylvania and that the applicant's private and professional character is good. *See* E.D. Pa. Petition for Admission, available at http://www.paed.uscourts.gov/documents/forms/apl_atty.pdf. |
| Middle District of Pennsylvania | LR 83.8.1.3 | Yes | 1 | Sponsor must certify for how long (s)he has known the applicant, what (s)he knows about the applicant's moral character, what (s)he knows about the applicant's educational background and experience, and that (s)he recommends the applicant for admission. *See* M.D. Pa. Petition for Admission, available at https://www.pamd.uscourts.gov/sites/pamd/files/forms/admission_pjw_0.pdf. |
| Western District of Pennsylvania | LCvR 83.2(A)(3) | Yes | 1 | Sponsor must certify that the applicant is of good moral and professional character and is eligible for admission. *See* W.D. Pa. Certification for Bar Admission, available at https://www.pawd.uscourts.gov/sites/pawd/files/lrmanual20181101.pdf. |
| District of Puerto Rico | Local Civil Rule 83A(c)(1) | No | — | Applicants must submit three references, two of which must be members of the bar in good standing. |
| District of Rhode Island | DRI LR 202(b)(1) | No | — | — |

| | | | | |
|---|---|---|---|---|
| District of South Carolina | Local Civ. Rule 83.I.03 (D.S.C.) | Yes | 2 | Sponsors must affirm that the applicant is of good moral character and professional reputation and that the applicant meets the requirements for admission. |
| District of South Dakota | D.S.D. Civ. LR 83.2(C) | No | — | — |
| Eastern District of Tennessee | E.D. Tenn. L.R. 85.5(a)(2) | Yes | 2 | Sponsors must state that they personally know, but are not related to, the applicant, that the applicant's statement is correct, that the applicant possesses all the qualifications required for admission, and that the applicant is of good moral and professional character. |
| Middle District of Tennessee | LR 83.01(a)(2) | Yes | 2 | Sponsors must recommend applicant's admission to the bar. *See* M.D. Tenn. Application for Admission, available at https://www.tnmd.uscourts.gov/sites/tnmd/files/forms/20180917-AdmissionToPractice.pdf. |
| Western District of Tennessee | LR 83.4(c) | No | — | — |
| Eastern District of Texas | Local Civil Rule 1(b)(1) | Yes | 1 | Sponsor must affirm that the applicant is competent to practice before the Eastern District of Texas and that the applicant is of good personal and professional character. They certify that (s)he is not related to the applicant, for how long (s)he has known the applicant personally and professionally, that (s)he is acquainted with the applicant's character, that the information in the applicant's petition is true, and that the applicant is qualified for admission to the bar, is competent to practice before the court, and has good private and professional character and standing. *See* E.D. Tex. Application for Admission, available at http://www.txed.uscourts.gov/sites/default/files/attyadm_2018-06-20.docx. |
| Northern District of Texas | LR 83.7(b) | Yes | 1 | Sponsor must certify that (s)he is sufficiently acquainted with the applicant and that the applicant is of good personal and professional character. *See* N.D. Tex. Application for Admission, available at http://www.txnd.uscourts.gov/sites/default/files/documents/BarApp.pdf. |
| Southern District of Texas* | LR 83.1(C) | Yes | 2 | Sponsors must state that they are not related to the applicant, have known the applicant for at least twelve months or otherwise know the applicant well, have read his or her application, |

| | | | | |
|---|---|---|---|---|
| | | | | and believe the applicant's legal competence and character to be good. *See* S.D. Tex. Application to Practice, available at https://www.txs.uscourts.gov/sites/txs/files/2019%20Application%20with%20Oath%20and%20Order.pdf. |
| Western District of Texas | Local Court Rule 1(b)(1) | Yes | 2 | Sponsors must affirm that they are not related to the applicant and for how long they have known the applicant, that they believe the applicant is qualified for admission to the bar, that the applicant is competent to practice before the court, that the applicant's private and professional character and standing are good, and that they recommend the applicant for admission to the bar. *See* W.D. Tex. Sample Letter of Recommendation, available at https://www.txwd.uscourts.gov/for-attorneys/attorney-admission/. |
| District of Utah | DUCiv R 83-1.1(b)(2)(B)-(C) | No | — | — |
| District of Vermont* | L.R. 83.1(a)(2)(C) | Yes | 1 | Sponsor must affirm that (s)he has known the applicant in a professional legal capacity for at least six months, that the applicant has good professional character, that the applicant is experienced at the bar, for how long and under what circumstances (s)he has known the applicant's professional character and experience as an attorney, and that (s)he knows of no fact which would call into question the integrity or character of the applicant. |
| District of the Virgin Islands | LRCi 83.1(b)(1) | No | — | — |
| Eastern District of Virginia | Local Civil Rule 83.1(C) | Yes | 2 | Sponsors must endorse that the applicant is of good moral character and professional reputation. |
| Western District of Virginia | W.D. Va. Gen. R. 6(b) | Yes | 2 | Sponsors must certify that they are acquainted with the applicant and that the applicant is a person of good character and ethical conduct. |
| Eastern District of Washington | LCivR 83.2(b)(1)(B) | Yes | 2 | Sponsors must appraise the applicant's reputation and character. They must affirm for how long they have known the applicant, that the applicant is of good moral character, what they know of the applicant's experience, and that they recommend the applicant be admitted to the bar. *See* E.D. Wash. Petition for Admission, available |

| | | | | at http://www.waed.uscourts.gov/sites/default/files/admission/Petiton%20for%20Admission.20161130.pdf. |
|---|---|---|---|---|
| Western District of Washington | Local Rules W.D. Wash. LCR 83.1(c)(1) | Yes | 2 | Sponsors must attest to the applicant's good moral character. They must certify for how long they have known the applicant, that the applicant is of good moral character, and that they recommend the applicant for admission to the bar. *See* W.D. Wash. Application for Admission, available at https://www.wawd.uscourts.gov/sites/wawd/files/PetitionForAdmission.pdf. |
| Northern District of West Virginia | LR Gen P 83.01 | No | — | A sponsor must move for the applicant's admission, but (s)he is not required to comment on the applicant's character or experience. |
| Southern District of West Virginia | LR Civ P 83.1(a) | No | — | A sponsor must move for the applicant's admission, but (s)he is not required to comment on the applicant's character or experience. |
| Eastern District of Wisconsin | General L. R. 83(c)(2)(B) | No | — | If the applicant desires to be admitted ceremonially by a judge, a sponsor must make a motion in support of the applicant's petition for admission. *See* E.D. Wis. Attorney Affidavit, available at https://www.wied.uscourts.gov/forms/affidavit-support-application. |
| Western District of Wisconsin | LR 83.5(B) | No | — | — |
| District of Wyoming | Local Rule 84.2(a) | Yes | 1 | A sponsor must vouch for the applicant and move for the applicant's admission with a satisfactory showing of the applicant's qualifications and good moral character. |