

19-939-cv
Doyle v. Palmer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand nineteen.

PRESENT:    ROBERT D. SACK,
            BARRINGTON D. PARKER,
            DENNY CHIN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT DOYLE,

        *Plaintiff-Appellant*,

        -v-                                            19-939-cv

DOUGLAS C. PALMER, in his official capacity
as the Clerk of the United states District Court
for the Eastern District of New York,

        *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MANDATE ISSUED ON 02/07/2020

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | TODD C. BANK, Kew Gardens, NY. |
| FOR DEFENDANT-APPELLEE: | MATTHEW J. MODAFFERI, Assistant United States Attorney (Rachel G. Balaban, Varuni Nelson, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Robert Doyle ("Doyle") appeals from a judgment of the district court entered May 28, 2019, dismissing his claims against defendant-appellee Douglas C. Palmer, Clerk of Court of the United States District Court for the Eastern District of New York ("Defendant").  By memorandum and order entered March 28, 2019, the district court granted Defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) for failure to state a claim.

Doyle, an attorney, challenges the constitutionality of Eastern District of New York ("E.D.N.Y.") Local Rule 1.3(a), which requires applicants seeking bar admission in the district to submit an affidavit from an E.D.N.Y.-barred attorney attesting to the applicant's good moral character (the "sponsor affidavit").  Doyle claims Local Rule 1.3(a) is unconstitutional for three reasons: (1) Congress unconstitutionally

delegated its rulemaking power to the Judiciary; (2) the rule violates the Due Process Clause of the Fifth Amendment; and (3) the rule violates the First Amendment.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*."  *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

For substantially the reasons stated by the district court, we affirm.  The complaint fails to state a plausible claim for relief.  Doyle's claim that the requirement of a sponsor affidavit is somehow unconstitutional is specious, and we reject it.

We have considered all of Doyle's arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit